## C. H. DAVIS *v.* LAURENT MILLAUDON.

A bill of exceptions to the refusal of the Judge to grant a trial by jury, cannot be noticed when it contains neither the reasons of the Judge for his refusal, nor the grounds on which the ruling was excepted to.

When on the trial a party is taken by surprise, by the introduction of evidence legally admissible, to establish facts not disclosed by the pleadings, he has a right to a continuance on a proper showing.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *G. S. Lacy* and *R. A. Upton*, for plaintiff and appellant. *P. A. Ducros*, for defendant.

COLE, J. On the 17th of February, 1858, the defendant, *Laurent Millaudon*, sued out an order of seizure and sale against the plaintiff's plantation, known as the Coiron Estate, in the parish of St. Bernard.

This writ was issued to enforce the payment of a mortgage note, assumed by the plaintiff in his purchase of this plantation from *B. L. Millaudon*, who had purchased the same of defendant.

*Davis* applied for a writ of injunction, basing his application upon four distinct grounds, of which two have been abandoned in this court, so that it is only necessary to consider the remaining two, which will be done in their order.

1. That there was a deficiency in the quantity of land, which gave *Davis* the right to a diminution of price.

Plaintiff in injunction contends that as his vendor, *B. L. Millaudon*, in the act of sale, subrogated him to all his rights of warranty against his previous vendor, *L. Millaudon*, the defendant in injunction; that therefore, he was entitled to plead this deficiency as an offset to the note sued upon, which was given as a part of the price, to *L. Millaudon*, of said plantation, by *B. L. Millaudon*, and assumed by *Davis* in his purchase of the latter.

The sale from *B. L. Millaudon* to *Davis* is a sale *per aversionem.*

*Davis* cannot, therefore, call upon the vendor of his own vendor to warrant him against a deficiency, which the latter has not guarantied to himself. *Davis* cannot, therefore, claim as an offset to the note assumed by him any deficiency which may exist within the designated limits of the land bought by him.

The parol evidence to make *L. Millaudon* a party to the act of sale from *B. L. Millaudon* to *Davis* was properly excluded.

II. That *Davis* had just reason to fear being disquieted in his title and possession to the property sold, by *Rodolphe Ducros*, or the heirs or assignees of *Rodolphe Ducros.*

Upon this point the District Judge remarks, and we coincide with his opinion, " that *Davis* is fully protected against eviction, and his title is good."

The bill of exceptions to the refusal of the District Judge to grant a trial by jury cannot be noticed, because it contains neither the reasons of the Judge for its ruling, nor the grounds on which the appellant's counsel excepted to its decision.

*Davis* also objected to the introduction in evidence of certain documents, which were a chain of titles from *Rodolphe Ducros* to *Mme. J. M. Ducros* and *L. M. Ducros*, for the purpose of showing the legal rights of the said *Mme. J. M. Ducros* and *L. M. Ducros*, to quiet *Davis'* title, as averred to be done in an act executed on the 8th of June, 1858. The objection was based upon the ground that there is no allegation in the pleading of the defendant in injunction, of the relinquishment of a claim on the part of *Rodolphe Ducros*, or his successors, authorizing the proof of the fact, and that *Davis* was taken by surprise.

The evidence was admissible. *Davis* averred as one of the grounds of injunction, that he had just reason to fear being disquieted in his title and possession by *Rodolphe Ducros*, or his heirs or assignees, and the testimony was offered to rebut this allegation.

If *Davis* were taken by surprise, it would have been in his power to have obtained a continuance by a proper showing.

The District Judge dissolved the injunction, but did not grant damages, because, as he says in his opinion, the evidence adduced by him shows, that although wrong in his mode of proceeding, he at the same time acted in good faith. The letters and plan which he had received from the Surveyor General were calculated to create great perplexity in his mind."

The District Judge further justifies himself in not allowing damages, that the defendant in injunction, in order to show that *Davis* was protected against all eviction and had a good title, relied upon the trial, in part, on a chain of titles, the last of which bears a date posterior to the institution of the suit.

*Davis* contends that he is not liable for the costs of the lower court previous to the alleged perfection of the title. If he had wished to have relieved himself from them, he ought to have made a tender of the money, payable when his vendor should furnish him with security against the danger of eviction.

Judgment affirmed, with costs of appeal.