(129 So. 128)

**TENNENT v. CAFFERY et al.**

No. 29931.

May 5, 1930.

Rehearing Denied June 2, 1930.

U. Marinoni, Jr., F. Rivers Richardson, and John E. Fléury, all of New Orleans, for appellants Wm. T. Nolan and Westwego Canal & Terminal Co.

Milling, Godchaux, Saal & Milling, of New Orleans, and Harris Gagne, of Houma, for appellee.

THOMPSON, J.

This is a suit via ordinaria on a note for $40,000, with interest and attorney fees. The note was signed by Caffery to his own order and indorsed in blank.

It was dated February 10, 1925, and due one year after date. The suit is only in rem as to Caffery by reason of a stipulation in the mortgage that no personal liability should attach to the maker of the note.

A personal judgment is sought against the defendants William T. Nolan and the Westwego Canal & Terminal Company, successive purchasers of the mortgaged property because of the assumption of the debt in their respective acts of purchase.

A number of technical defenses were urged on the part of all three of the defendants, by way of exceptions involving want of jurisdiction ratione persone, prematurity of action, vagueness, misjoinder and nonjoinder of parties, and no cause of action. All of these were overruled, and the defendants then answered in a common defense that the consideration for which the note was given had failed because Barrow, who sold the property to Caffery, was not the owner of a part of the property described in the deed.

The defendant Nolan and the canal company denied any personal liability for the debt, and alleged that in purchasing the property they assumed the debt only to the extent for which Caffery and their vendors were bound.

There was judgment for the plaintiff as prayed for, and Nolan and canal company have appealed.

The payment of the note sued on, although a plain promissory note secured by mortgage on the property for which it was executed, and carrying no personal liability against the maker, has been successfully resisted by various judicial proceedings for more than four years, and the litigation in its final analysis comes to us with a record of three volumes covering six hundred and sixty typewritten pages and two hundred and eighty pages of printed briefs.

In our statement of the facts, we shall be as brief as possible consistent with a proper presentation of the multifarious questions involved and a correct solution thereof.

We may say at the outset that all of the defendants are residents of the parish of Orleans and the mortgaged property is located in the parish of Jefferson.

On February 10, 1925, Robert Ruffin Barrow sold to Donelson Caffery a certain canal known as the Barataria and Lafourche Canal for the sum of $75,000, $35,000 of which was paid in cash and the remainder represented by the note sued on. In making the purchase, Caffery was acting as trustee for F. Rivers Richardson, Lester F. Alexander, and Frank P. Higgins. The three last named parties had agreed among themselves to form a corporation and to take over the property on which an option to purchase had been acquired.

Not having completed the corporation, it was agreed that the deed should be made to Caffery as their trustee. The co-owners for some cause disagreed as to the formation of the corporation, and Richardson instituted a partition suit against the other two co-owners.

Barrow intervened in this proceeding to protect his interest as owner of the mortgage note. The partition proceeding finally resulted in a consent judgment between the co-owners and Barrow, the mortgage creditor, under which the property was to be offered for sale with an upset price of $72,000. It was stipulated in the judgment that the balance due Barrow on his vendor's note was to be paid out of the purchase price at partition sale, with the proviso that the purchaser should have the right or the privilege of assuming the payment of the note and to retain in his hands from the purchase price the amount of the note, principal, interest and costs.

The judgment designated C. A. Tessier as auctioneer to advertise and sell the property. In the advertisement the terms were stated as follows: Terms cash, or purchaser to have the right to assume a mortgage note for $40,-000, with interest and charges and to pay the balance in cash.

At the auction sale W. T. Nolan became the adjudicatee of the property at the price of $90,000. The auctioneer drew up and signed a procès verbal in which he recited the same terms as stated in the partition judgment and in his advertisement, and which was accepted by Nolan, the purchaser, and was duly recorded in the parish of Jefferson where the property was located.

There was a stipulation in the judgment ordering the sale that the purchase should be consummated within thirty days after the adjudication.

Before the expiration of this period, Nolan, alleging a defect in the title for want of a certain and definite description, asked for an injunction, and secured a temporary restraining order against Richardson, Alexander, Higgins, Caffery, and Barrow, enjoining them from enforcing the thirty-day clause.

After a hearing on a rule to dissolve the restraining order and on an exception of no cause of action, the proceeding by Nolan was dismissed.

Thereafter an agreement was entered into between Alexander, Higgins, and Nolan, to the effect that Nolan would take title to the property and release Alexander and Richardson from any further liability, and would proceed against Barrow in an action of quanti minoris. Such a suit was to be instituted against Barrow within six months. As a guarantee that whatever judgment that was rendered against Barrow would be satisfied, Nolan deposited in a bank $6,500 to be turned over to Alexander and Higgins if Nolan did not file the suit against Barrow within the time stipulated. Barrow was not a party to this agreement, and it was made without his knowledge.

The contemplated suit was never filed, but Nolan took a deed to the property under the adjudication. The deed recited that at the public sale the property was adjudicated to Nolan as the last and highest bidder for the price of $90,000, payable on the terms and conditions set forth in the advertisement, cash, but the purchaser to have the right to assume a mortgage note in rem for $40,000 dated February 10, 1925.

It will be observed that this recital did not follow the judgment of court ordering the sale nor the advertisement and adjudication and the procès verbal of the adjudication.

The notary who passed the act of sale noted at the bottom of the instrument that the words "in rem" were interlined and approved before signing.

It was further stated in the deed to Nolan that the vendor does not warrant the location, description, or measurements of the property conveyed, and only sells such property as was

transferred to him. It was further stated that the purchaser, Nolan, assumed the mortgage of Barrow to the same extent that his vendor is obligated, and no further.

Thereafter Nolan, Richardson, and Ulisse Marinoni formed a corporation known as the Westwego Canal & Terminal Company, and on July 9, 1925, Nolan executed a deed to that company of the property involved for a recited consideration of $200,000, paid in the capital stock of said company.

This deed was likewise without warranty as to location, description, and measurement, and also stipulated that the purchaser assumed the Barrow mortgage to the same extent that the vendor is obligated, and no further.

After the note matured, Mrs. Tennent, widow of Barrow, alleging herself to be the owner of the note, sued out executory process in the parish of Jefferson, in which she prayed for a seizure and sale of the mortgaged property.

This proceeding was met by an application for an injunction by Caffery solely on the ground that he was not personally liable, and that the proceeding was improperly directed against him. On a hearing the application of Caffery was dismissed, and the ruling was affirmed by this court.

The canal company also applied for an injunction against the executory process on the ground that Barrow did not own a portion of the property described in the deed to Caffery and later purchased by the canal company.

It was alleged that the land which Barrow did not own but pretended to sell comprised a material part of the purchase, and without said tract they would not have purchased.

On a hearing a preliminary injunction was issued, and on appeal to this court that judgment was affirmed.

Tennent v. Caffery, 163 La. 976, 113 So. 167. Our opinion was based on the record as made up, that the canal company had made a showing which justified the lower court in issuing the injunction. We did say, however, that on final trial the plaintiff might be able to show that Caffery and his vendees received all of the land which Barrow intended to sell and all that was included in the deed, and that said deed did not, when all parts are construed together, include that part of the land which it is now claimed Barrow did not own.

When the case went back to the lower court, the canal company filed an exception to the authority of Mrs. Tennent to sue on the note, alleging that she was not the owner, but that the note belonged to the succession of Barrow, and the company prayed that all of the proceedings be dismissed.

Thereafter Mrs. Tennent caused the order for executing process to be recalled and all proceedings therein discontinued.

She then filed the present suit as "Testamentary Administratrix" of the estate of her husband.

Plea to the jurisdiction.

The want of jurisdiction in the civil district court of the parish of Orleans is based on the contention that there was no personal liability for the note sued on, either against Caffery or the other two defendants, and by reason of that fact no court had jurisdiction to enforce a mortgage on land except the court where the land was situated.

The counsel have cited no authority sustaining such contention, and we know of none.

■ The rule is that a person cannot be sued in any court but that of his domicile, except in the instances specially authorized and provided for. If a person is sued in a court other than his domicile, the suit will be dismissed on exception if it does not fall within one of exceptions provided by law.

Such instances frequently arise, but we fail to call to mind just now any case wherein a defendant has urged that he could not be sued in the courts of his domicile.

Article 163, Code of Practice, declares that in a petitory action or an action in revendication, or when proceedings are instituted in order to obtain the seizure and sale of real property, in virtue of an act of hypothecation, importing confession of judgment, the defendant may be cited either within the jurisdiction where the property is situated or where the defendant has his domicile, as the plaintiff chooses.

■ The plaintiff has an act of hypothecation importing a confession of judgment, and she is seeking to enforce a special mortgage against third possessors of the mortgaged property. She can sue either in the courts of New Orleans, where all of the defendants are domiciled, or in the court of Jefferson parish, where the land is located.

■■ There must be a party defendant in every suit, whether the demand is in personam or is in rem. There must of necessity be some one to cite, even though the proceeding is in rem, and we are not advised of any law which forbids the citing of the maker of a note and a mortgage to secure the note in the court of his domicile where the note is sought to be enforced on property of the maker.

· [5] The contention that the courts of New Orleans were without jurisdiction because the court of Jefferson parish was first seized with jurisdiction by the executory process is without merit.

That proceeding was instituted by Mrs. Barrow individually, and she afterwards abandoned the executory process and elected to sue via ordinaria. With the dismissal of those proceedings, the injunction of the canal company became functus officio. It had had its effect so far as that proceeding was concerned, and the jurisdiction of the Jefferson court over the matter ended when all of the proceedings therein were dismissed.

The judgment which ordered the property sold, and which was consented to by all of the parties then in interest, directed that the property be sold for cash, with the privilege of the purchaser to assume the Barrow debt and to retain that part of the purchase price in his hands.

When the auctioneer and Caffery came to execute the deed, by some agreement and understanding between Nolan, Richardson, and others, to which Barrow was not a party, and of which he had no knowledge, the notary was prevailed upon to insert in the deed the clause that Nolan only assumed the mortgage in rem, that is, to the extent that Caffery and the succeeding purchasers were bound and no further.

■■ The notary and the auctioneer exceeded their authority in changing the terms of sale as fixed in the judgment of the court in the advertisement, in the adjudication, and in the procès verbal. The adjudication itself vested the title in Nolan, and he was bound by the terms on which that adjudication was made, which was a personal assumption of the Barrow mortgage debt.

[8] If Nolan was not satisfied with the title or with the value of his purchase, he should have refused to take the title, but,

having taken title, he is bound by the terms of his bid.

The change of the terms of his bid was obviously made for the purpose of evading his personal obligation for the debt of Barrow, and was, to say the least, an act of legal bad faith and unfair to Barrow.

Barrow's debt was to be taken care of in the bid at the partition sale. That debt was to form a part of the bid on the property, and was either to be paid in cash or the purchaser was to have the right to retain that amount in his hands on assuming the mortgage debt.

Barrow had an interest in having the terms and conditions agreed on complied with. It would have been doing a vain thing to have the purchaser to assume the debt only in so far as the property itself was concerned, because that would have followed as a matter of law. The property, without any agreement, would have gone to Nolan incumbered with the mortgage.

Barrow could have forced a sale of the property in satisfaction of his mortgage debt. He elected to let the property be sold under the judgment in the partition suit on condition, either that his debt should be paid in cash, or assumed by the purchaser at his option. Having bid in the property on the latter alternative Nolan is bound for the debt. And, as Nolan is bound, so likewise the canal company is bound, who took the property under the same conditions and obligations that Nolan acquired.

Exception of prematurity. This exception is made on the theory that the suit is to enforce a mortgage debt and at the same time to reform the act of sale or mortgage, and it is argued that the mortgage could not be enforced until the description of the property was corrected.

A reading of the petition, however, will show that it is alleged that the defendants knew of the inclusion of lands that Barrow did not own, but that a proper construction of the deed would show that Barrow only conveyed the property he had acquired from Camille Zeringue. The prayer for the reformation of the deed was made only in the alternative.

From the conclusion which we have reached on the question of the description of the property, which we shall consider later, the exception of prematurity is without merit.

Exception of vagueness. This exception seems to be directed at the failure of the petition to allege a cause of action for a personal judgment against the defendants.

We have already found that there was a personal assumption of the debt on the part of Nolan and the canal company, and no further discussion is necessary.

Misjoinder and nonjoinder. These exceptions are directed at the inclusion of Caffery or his heirs as party defendant, and the failure to include Richardson, Alexander, and Higgins.

It is argued Caffery has no interest because he was not bound personally for the debt. Caffery was the maker of the note, and executed the mortgage on the property. He joined in the sale to Nolan, and, while the plaintiff could have proceeded against Nolan and the canal company alone, the mortgage contained the nonalienation clause—there can be no legal objection to joining Caffery in the suit.

Nor was it necessary to join Richardson, Alexander, and Higgins.

These parties are not liable to the plaintiff, and the defendant Nolan had expressly relieved them from any liability to him. They

have no interest whatever in the suit, and no act of theirs in connection with the land is sought to be annulled.

The exception of no cause of action seems to be directed against the right of the plaintiff to reform the deed that Barrow made to Caffery or to correct the description in said deed.

We will discuss this matter when we come to the main defense of the failure of the consideration of the note.

██ The plea of estoppel is based on the fact that, the plaintiff having admitted that there was no personal liability of Caffery, she could not be permitted to thereafter claim a personal liability against Nolan and the canal company.

There is no inconsistency in the two positions. The nonliability of Caffery resulted from the stipulation in the mortgage. The personal liability of Nolan and the canal company arose from the assumption of the debt by Nolan in his purchase of the land at auction sale and a like assumption of the canal company in its purchase.

A second ground for the plea of estoppel is that Mrs. Barrow in her suit is attempting to foreclose on property differently described from that contained in the deed of Barrow to Caffery.

We are unable to perceive of any inconsistency in plaintiff's position. As we understand, it has been plaintiff's position all along that the deed did describe land that Barrow did not own, but, when the whole deed was considered, it showed on its face that Barrow did not sell that part of the land.

None of the exceptions we have considered tend to defeat the mortgage debt. They are all either declinatory or dilatory in their nature, and we find none of them possessing any legal merit.

The only defense, the purpose of which is to wipe out the debt and the mortgage, is that of failure of consideration of the note.

This defense, as we have already noted, is grounded on the alleged fact that the deed from Barrow to Caffery and the subsequent deeds to the two appellants described lands which Barrow did not own, and that, if the value of the land erroneously included in the deed was deducted from the sales price to Caffery, the note sued on would fail for lack of consideration.

The whole trouble which has brought about this litigation is the misinterpretation of the descriptive terms used in the sale from Barrow to Caffery, or rather the failure to construe together all parts of the act of sale relating to the description of the property, including the concluding reference to the deed by which Barrow acquired.

We shall not repeat here all of the description in the Barrow deed. The part which seems to have caused all of the confusion and resulting litigation is that which calls for one-half arpent wide on each side of the Bayou Senette.

In the deed from Barrow to Caffery this part of the description reads: "And also a tract of land half an arpent wide on either side of Bayou Senette, beginning at the point where said bayou first intersects the continuation of the rear line of the above described tract and continuing to a point where said bayou finally enters said tract nearest to the Mississippi river."

In this deed specific reference is made to the deed from Camille Zeringue to Barataria & La Fourche Canal Company passed on April 21, 1830, before Felix des Armas, notary public for the parish of Orleans, and recorded in the parish of Jefferson in conveyance book folio 320.

In the deed just referred to the land is described as follows: "Plus one-half arpent to be taken on each side of Bayou Sainet in all its extent that may actually belong to said Camille Zeringue by reason of the acquisition that he has made this year three arpents of land front from Mr. Jean Louis Zeringue; on which arpent of land there exists a Canal which is in the present sale."

■ It is very evident that, when the description in the two deeds is read and compared, it will be readily seen that the Barrow description must be limited to the land as described in the Zeringue deed. Barrow could convey, and did not convey, any more land than was contained in the deed to which his deed made reference.

[14] It is the well-settled rule that, when an instrument of sale makes reference to another sale for a more perfect description as to the thing sold, the two deeds must be construed together, and the purchaser is bound by such notice, and must look to the reference deed to determine the extent of his acquisition.

In Lawler v. Bradford, 113 La. 415, 37 So. 12 the court held:

"Where reference is made in an act of sale of real estate to the title under which the vendor holds, both acts should be consulted, and taken together, to ascertain the true description of the property."

This statement of the law was approved in the case of Lee v. Long, 166 La. 1084, 118 So. 320.

In that case we held that the reference, "see Book 23 folio 194, and Book 30 folio 187, of the Conveyance records of De Soto parish, La.," afforded "reasonable notice to third persons dealing with vendor of description of land covered by deed, where property, though misdescribed in the instrument itself, was

correctly described in the records referred to."

In the instant case, not only was reference made to the book and page but to the parties to the act and the notary who passed it, and further that the property conveyed was the same property as described in the deed to which reference was made.

If the defendants now complaining of deficiency in the extent of their purchase had examined the two deeds, they would have been fully advised of what property Barrow owned and what property they were acquiring.

But there is another reason why the defense of want or failure of consideration cannot be maintained.

■ Assuming that there was a defect in the title arising from an erroneous description, Nolan had knowledge of such defect before he accepted the title.

He agreed to release, and did release, the owners for whom Caffery purchased, and took his chances on getting whatever the title called for.

He had his remedy if he was not satisfied with the description, but he waived such remedy.

He cannot, therefore, jump over his released vendors and assert a claim of warranty against their vendor under a pretended subrogation.

Not having asserted his right when he had the opportunity to speak and when it was his duty to speak, being fully advised of the nature and extent of the title under which he was about to acquire, he is precluded now from calling upon the vendor of his own vendor to make good the alleged deficiency from which he released his own vendors. Davis v. Millaudon, 14 La. Ann. 808.

In Harang v. Blanc, 34 La. Ann. 638, the court said:

"When a party, before buying, knows of the defect of his own vendor's title, he is not entitled to withhold or suspend the payment of the price, nor demand security against eviction, if he be threatened therewith, on account of such defect."

In the case of Werk v. Leland University, 155 La. 972, 99 So. 716, the plaintiff brought suit to recover a part of the price paid for certain real estate on the theory that there was a shortage in the area of the land. The demand was rejected on the principle that the plaintiff knew that he was not buying the streets which appear to have been included in the description, and it was likewise held that verbal proof was admissible for the purpose of showing that the purchaser had knowledge of the streets.

We doubt if any reported case can be found in which the principle just stated could be more appropriately applied than under the facts of the instant case.

It would appear useless to extend the discussion any further.

We find no reason to disturb the judgment in fact or in law.

It is therefore affirmed, with costs.