**146 So. 475**

## BARROW v. MILLING, GODCHAUX, SAAL & MILLING.

No. 31889.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Harris Gagne, of Houma, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, and Ellender & Ellender, of Houma, for appellees.

OVERTON, Justice.

This case presents the question whether or not a fee of $5,000 is excessive, charged by the law firm of defendant to plaintiff, and remaining, by agreement, in defendant's possession until the decision of this case.

The part of the fee claimed is one-half of a fee of $10,000, which defendant considers due to it and to Harris Gagne, Esq. Gagne's half of the $10,000 is not presented, because he has disclaimed any interest that he may have in the fee, at least so far as this suit is concerned, and is prosecuting the case for the administratrix.

[1] The suit is on a quantum meruit, and the fee claimed arises out of the delivery to Mr. Gagne and defendant of a note for collection, secured by mortgage, executed by Donelson Caffery, bearing interest, and providing for the payment of attorney's fees. After protracted litigation, which required the display of ability, and which was hotly

contested to the end, Gagne and defendant succeeded in collecting every dollar due on the note, including the attorney's fees, there stipulated; the collection being as follows: Principal, $40,000; interest, $12,860.80; attorney's fees, at 5 per cent., $2,643.04; costs of court, $210.80—making a total of $55,714.-64. The case in which the judgment was rendered, which finally resulted in the collection of the note, is reported, under the title of Tennent v. Caffery et al., 170 La. 680, 129 So. 128. There, the history of the litigation, and the questions involved and decided, may be seen.

The note, executed by Caffery, and secured by mortgage, evidenced merely an obligation in rem, and not in personam, by virtue of a provision to that effect in the mortgage securing the note.

Mrs. Barrow, who was formerly a Miss Tennent, individually, and not as administratrix, through her attorneys, Gagne and defendant, instituted a proceeding in the parish of Jefferson, where the property mortgaged was situated, praying for the issuance of executory process against the property. At this time, Mrs. Barrow was claiming that the note belonged to her personally, and therefore the proceeding was instituted in her name and for her benefit. There was opposition to the proceeding. Caffery applied for an injunction to prevent the sale of the property seized. A temporary stay order was granted, and a rule nisi was issued to show cause why a preliminary injunction should not issue. The application was dismissed on an exception. Caffery appealed devolutively to this court, and also obtained an order from the district court, staying all

further proceedings therein, during the pendency of the devolutive appeal. The Westwego Canal & Terminal Company, a corporation interested in the result of the suit, obtained a suspensive appeal from the order of executory process, on giving bond in the sum of $500. The small amount of this bond caused the making of application to this court, through Gagne and defendant, for a writ of certiorari to review the correctness of the order fixing the bond. This application resulted in the setting aside of the order of appeal in so far as it operated to make the appeal suspensive. The Westwego Canal & Terminal Company thereupon filed another petition in the district court, seeking a writ of injunction on the ground that the consideration for which the note was given had failed, in that a part of the property, covered by the mortgage and deed, had never been owned by its vendor, Robert R. Barrow. These appeals were consolidated in this court, and, after hearing had, there was judgment affirming the judgment rendered in each of them. Tennent v. Caffery, 163 La. 976, 113 So. 167.

The effect of this decree was to send back to the district court of Jefferson parish the injunction suit brought by the Westwego Canal & Terminal Company.

Prior to the trial of the injunction suit on the merits, but after that suit had again reached the district court, the Westwego Canal & Terminal Company moved the court to stay the proceedings in Jefferson parish, pending the judicial determination of a question raised in Terrebonne parish, in which the succession of Barrow was pending, as to whether Mrs. Barrow, personally, or the succession of Barrow, which she represented as

testamentary administratrix, was the owner of the note. The stay order was refused.

The proceedings for executory process went no further. In preparing for the trial of the case, Gagne and defendant discovered facts which they considered would make it advisable to dismiss that proceeding and institute another suit—one which would include a demand on the note in personam against William T. Nolan, who was fully able to respond to any judgment that might be recovered against him on it, and also a like demand against the Westwego Canal & Terminal Company.

It was learned in this investigation that, when Caffery purchased the property, on which he gave the mortgage, ostensibly as his own act, he was acting as trustee for F. Rivers Richardson, Lester F. Alexander, and Frank P. Higgins; that, in a partition suit brought by one of the owners, a consent judgment was rendered ordering the partition to be made by public sale; that, at this sale, the judgment decreed that the purchaser should either pay the note executed by Caffery, or assume it, but that, contrary to the adjudication of the property, at the partition sale, when the act confirming the adjudication was executed, it was recited that Nolan assumed the note to the extent only that Caffery, the maker, was liable thereon. Caffery not being liable personally thereon, this assumption by Nolan amounted to nothing.

It occurred to Gagne and defendant that, notwithstanding the recital in the confirmation deed, they might hold Nolan personally liable by reason of the provision in the judgment, requiring the adjudicatee to pay or assume the Caffery note, in accordance with which the adjudication was made, and that they could also hold the Westwego Canal & Terminal Company personally liable, on the ground that this company, in purchasing the property from Nolan, had assumed the note to the same extent that Nolan had, and that, at the same time, they could also defeat the question of failure of the consideration of the note, by showing that the property, purchased by Caffery, was correctly described in the deed to him, or else reform the deed, so as to show the correct description.

Accordingly, the executory proceedings were dismissed, and a new suit filed—this time in the parish of Orleans—praying for a personal judgment against Nolan and the Westwego Canal & Terminal Company on the note, and for recognition and enforcement of the mortgage securing it, and also declaring the description of the property to be legally sufficient to convey the property, and not more, owned by Barrow, and intended to be sold by him to Caffery, or else decreeing a reformation of the deed to make the description conform to the property intended to be conveyed. To avoid, it is said, the question brought into the executory proceedings as to the ownership of the note, the suit was brought in the name of Jennie Tennent, widow of R. R. Barrow, as testamentary administratrix of the succession of Robert R. Barrow.

A number of exceptions were filed, which had to be investigated, heard, and disposed of, on which Gagne and defendant secured favorable rulings. The case was vigorously contested on the merits, and, in fact, throughout. Both in the lower court and in this court on appeal, Gagne and defendant were

successful in prosecuting the suit for their client. Tennent v. Caffery, 170 La. 680, 129 So. 128. As a result of this victory, as pointed out in the first part of this opinion, every dollar, sued for, was collected, and an apparently insolvent succession was made solvent.

It seems that before the suit was decided, and at a time when its outcome was uncertain, Gagne put himself and defendant on an account filed in the succession, as creditors of the succession for legal services, in the collection of the note, in the sum of $5,000. It is urged that this action prevents defendant from recovering more than one-half of that amount, or $2,500, as his part of the fee. However, Gagne pursued the course he did without consulting defendant, and defendant never acquiesced therein, but rather protested, when it did learn of the action. Therefore, the contention is not sound.

■ Some of the ablest lawyers at the New Orleans bar have testified that a fee of $10,-000, or $5,000 as defendant's half, is a reasonable fee for the services rendered. Unquestionably, the services rendered were of great value to the succession, changing it from an insolvent to a solvent succession. Undoubtedly, the working out of the case required considerable pains and research, and the handling of it called for the exercise of ability. However, it should be borne in mind, it seems to us, that the proceedings for executory process were instituted in the name of Mrs. Barrow, born Tennent, she claiming the ownership of the note. Those proceedings, in a sense, were adverse to the succession. Had they been carried to a conclusion, they would have left the succession as insolvent as it was the day it was opened. The only benefit that they proved to be to the succession, against which this fee is charged, is that they led to the discovery of facts, after the performing of considerable work, which placed the succession in position to obtain a personal judgment, besides the recognition and enforcement of the mortgage, which was probably the only way in which full collection of the note could be obtained. To that extent, those services inured to the benefit of the succession, and to that extent we shall allow them against it. So considering the case, our view is that a fee of $7,000 is a proper fee, one-half of which is $3,500, to which defendant is entitled.

This view of the case necessitates our setting aside the judgment appealed from, which is one rejecting plaintiff's demand for one-half of the $5,000 of the amount of the note, collected by defendant and retained by it, according to agreement, until the decision of this case, and allowing plaintiff $1,500 of that amount.

For these reasons, the judgment appealed from is set aside, and judgment is now rendered against defendant and the individual members thereof for said sum of $1,500, with legal interest thereon from judicial demand until paid; defendants to pay the costs of this suit in both courts.

ST. PAUL, J., absent on account of illness, takes no part.