On October 25, 1946, the plaintiff, George C. Appel, purchased from Mrs. Robert T. Ennis the property in New Orleans known by the numbers 7735-37 Cohn Street, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in anywise appertaining. At the time, Ward C. Jensen occupied the 7737 side as the tenant under a lease with Mrs. Ennis, which we gather was verbal and ran from month to month. Jensen continued his occupancy after the sale and continued to pay rent to Appel until the latter part of May 1947. When Jensen vacated the property he removed therefrom a hot-water heater, a toilet seat and two cement stationary washtubs.
Plaintiff contends that when he purchased the property these fixtures were located therein, and that they were immovables by destination and passed to him with the property; that after Jensen carried them away he, Appel, replaced them *Page 416 
with similar fixtures at an expense of $149.32.
Plaintiff brought this present suit against both Mrs. Ennis and Jensen for the cost of replacement. He alleges that Mrs. Ennis was not the owner of the fixtures and is liable to him under the general warranty clauses contained in the act of sale, "inasmuch as she sold * * * the aforesaid property which * * * (she) did not own." In the alternative he charges that Jensen is liable, because despite the protests of plaintiff he "removed and converted to his own use" the said articles of which plaintiff was the owner.The prayer contained in the petition is for a judgment against Mrs. Ennis, and in the alternative against Jensen.
Mrs. Ennis interposed an exception of no cause or right of action, and in accordance with the rules of the First City Court of New Orleans which provide that the answer and exception must be filed at one and the same time, she made answer amounting to a general denial of the allegations of the petition. Jensen also answered, admitting the removal of the fixtures, which he defends upon the ground that they were placed in the property by him for his own use and that of his family, and formed no part of the realty.
The exception was overruled, and after a trial on the merits judgment was rendered against Mrs. Ennis for $130. The suit as against Jensen was dismissed. Both plaintiff and Mrs. Ennis have appealed; in an answer to Mrs. Ennis' appeal plaintiff prays that the judgment against her be increased to $149.32.
Counsel for Mrs. Ennis has reurged before us the exception of no cause or right of action, both in oral argument and in brief, but we deem it unnecessary to pass upon the exception, as the case can be disposed of on the testimony adduced at the trial on the merits.
The facts as shown by the testimony are that during 1946 Jensen took possession of 7737 Cohn Street as the tenant of Mrs. Ennis, and at the commencement of his occupancy there was located in the house a dilapidated water heater which was disconnected, and a broken toilet seat. Jensen, at his own expense, brought into the house the water heater, toilet seat and two stationary washtubs involved in this case. The old water heater and broken toilet seat were placed in the shed. The new heater was connected in the usual manner to the gas and water pipes, and the washtubs were set loosely upon brick columns, which Jensen built for their support, and connected to the water pipes.
Appel's first contention is that the fixtures were immovables by destination and became a part of the building itself, and passed to him under his purchase from Mrs. Ennis.
The uncontradicted evidence shows that none of the articles in question were attached to the building with lime or cement, or were intended by Jensen to remain permanently in the premises. They were apparently connected in the usual and customary manner, and were intended to serve the convenience and comfort of himself and his family, and he at all times proclaimed his ownership of them, as will be hereinafter pointed out. Jensen testified that when he removed the articles he replaced the broken toilet seat on the bowl, and had the old water heater, which was in the shed, connected in the place of the one which he removed. Jensen left the property in substantially the same state in which he had received it.
[1, 2] Under the circumstances, the contention of Appel is not well founded. The fixtures placed in the premises by Jensen did not become immovables by destination and, therefore, never lost their identity as movables, and they did not pass with the building. To be immovable by destination the thing must be placed upon or attached to the property by the owner for its service and improvement, not by a third person. C.C. art. 468.
In the case of Richardson v. Item Co. Ltd., 172 La. 421,134 So. 380, 381, the Supreme Court held that an automatic sprinkler system placed in leased premises by the tenant did not become immovable by destination, and that the owner, in selling the building, could transfer no title to it, as it belonged to the tenant, who had the right to remove it. The sprinkler *Page 417 
system consisted of metal pipes running through the building, but not permanently attached to it. The pipes were supported by hangers which were attached to the building by screws. The Court said:
"A movable becomes an immovable by destination when the owner unites it with lands, tenements, or buildings which are also owned by him, with the intention that the movable shall henceforth be merged and associated with the destiny of the realty. For a movable to become an immovable by destination it must necessarily be placed upon or attached to the immovable by the owner himself. When such things are placed upon an immovable by a lessee as an improvement or addition, they remain movables, and may be carried away by him unless attached with lime and cement."
The right of a lessee to remove improvements not made with lime or cement, which he has made to the thing leased, is regulated by C.C. art. 2726, and under its provisions Jensen had the privilege of taking away the improvements, provided he left the property in the same state in which it was received. The article provides:
"The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it.
"But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price."
In support of plaintiff's claim against Mrs. Ennis, counsel argues that if the fixtures belong to Jensen then Mrs. Ennis is liable to plaintiff for their replacement under the general warranty clauses stipulated in the act of sale. He advances the contention that Mrs. Ennis had not the legal right to sell the property which belonged to another.
The evidence shows that on September 6, 1946, before offering to purchase the property, Appel made an inspection and examination of the side of the house designated as No. 7735 Cohn. Street, and that entrance could not be gained to the other side as none of the members of the Jensen family were home. Appel testified that he inquired of Mrs. Ennis what the condition of the other side of the house was, and he was told that "it was much better, better equipped." Appel then submitted his written offer to buy the property. On the next day he went through and inspected Jensen's side of the house and noticed the water heater, washtubs and toilet seat. Mrs. Jensen informed Appel that those articles had been brought into the house by her husband, who claimed that they belonged to him, and that they did not belong to Mrs. Ennis and were not a part of the house. Appel stated that upon being so advised by Mrs. Jensen he consulted Mrs. Ennis about the fixtures, and that she told him the Jensens. "had not installed the property." Mrs. Ennis denied making any such statement and testified that Appel did not "mention the improvements until he was having trouble with the rent in January * * *." Appel frankly admitted on direct examination that when he "made the inspection of the property that following afternoon Mrs. Jensen repeatedly said that they had made all the installations."
[3, 4] Notwithstanding that he was fully advised of Jensen's claim of ownership, Appel made no effort to shield himself. The formal act of sale was not executed until 48 days after the conversation with Mrs. Jensen, and in the interim he had the opportunity to properly adjust the matter with his vendor, and had ample time in which to take advantage of it. It is true that notice of Jensen's claim was not brought home to him until after the written offer to purchase was submitted and accepted, but he could have easily safeguarded his interests at the passing of the ensuing act of sale. Caution should have demanded that he insist upon some necessary and proper stipulation being incorporated in the sale regarding the disputed articles. He saw fit to accept title without reservation, knowing, and with a full realization, that he would sooner or later encounter difficulties with Jensen. Not having asserted his rights when he had the opportunity to speak, and when it was his duty to speak, he is precluded now from maintaining his claim against his vendor. C.C. art. 2452 provides:
"The sale of a thing belonging to another person is null; it may give rise to *Page 418 
damages, when the buyer knew not that the thing belonged to another person."
The jurisprudence is to the effect that where a purchaser is cognizant of a defect in the title he is about to purchase, he is precluded from calling upon the vendor to make good the defect. Harang v. Blanc et al., 34 La. Ann. 638; Werk v. Leland University, 155 La. 971, 99 So. 716; Tennent v. Caffery et al.,170 La. 690, 129 So. 128. The Supreme Court said, in Harang v. Blanc, supra:
"When a party, before buying, knows of the defect of his own vendor's title, he is not entitled to withhold or suspend the payment of the price, nor demand security against eviction, if he be threatened therewith, on account of such defect."
For the reasons assigned, the judgment appealed from is affirmed insofar as plaintiff's claim against Ward C. Jensen is concerned; that part of the judgment appealed from in favor of plaintiff and against Mrs. Robert T. Ennis is reversed, and it is now ordered that Plaintiff's demands against Mrs. Ennis be dismissed; plaintiff to pay costs of both courts.
Affirmed in part.
Reversed in part.