526 So.2d 471 (1988)
Michael SPALITTA
v.
Constance F. SILVEY, et al.
No. 87 CA 0519.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Rehearing Denied June 24, 1988.
*472 Barry H. Grodskey, Paul Mirable, Metairie, for plaintiff, appellee.
Lamar Richardson, Jr., Mandeville, for defendants, appellants.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
The facts in this case are not in dispute. On December 20, 1983, plaintiff, Michael Spalitta, purchased 1.21 acres of land in St. Tammany Parish from defendants/appellants, Rusty and Constance Silvey, for $10,000. Following the sale, Spalitta discovered that the Silveys did not own roughly half of the property purportedly conveyed to him. Spalitta filed suit against the Silveys on May 4, 1984 to rescind the sale and to seek return of the purchase price of $10,000, closing costs, and attorney's fees.
After institution of the lawsuit, Spalitta pursued his claim under his policy of title *473 insurance against Safeco Title Insurance Company. In return for Safeco's payment of $10,000 to Spalitta, Spalitta executed a release in favor of Safeco on September 6, 1984, releasing Safeco from liability arising out of this particular claim. Spalitta also executed a cash sale of the property to Safeco on September 6, 1984 for the same $10,000. Spalitta executed an act of assignment on September 6, 1984 whereby he assigned any cause of action he might have against the Silveys to Safeco in return for the same $10,000.[1] On October 22, 1984, plaintiff filed an amended petition whereby Safeco was added as a plaintiff.
Following trial on the merits, the court rendered judgment in favor of Safeco, finding it entitled to rescission of the sale between Spalitta and the Silveys, to $10,000 as the consideration for the sale, and to court costs.[2] From this judgment, the Silveys appeal.
The Silveys contend that because Safeco did not introduce into evidence the act of assignment whereby it was assigned Spalitta's claim against the Silveys, it must recover on some other basis. The Silveys then contend that Safeco is not entitled to recover based on the cash sale from Spalitta to Safeco because the sale was without warranty and because Safeco purchased the property with full awareness that title to the property was defective; these limitations in the sale from Spalitta to Safeco precluded Safeco from proceeding against the Silveys, according to the Silveys' argument.
The trial judge in his reasons for judgment stated as follows:
The sale by notarial act [from Spalitta to Safeco] subrogated Safeco ... to all the rights in the action held by plaintiff [Spalitta]. Plaintiff did not warrant the title as between himself and Safeco, but the warranties made by defendant [the Silveys] to plaintiff by their act of sale passed to Safeco by virtue of the subrogation.... Louisiana Civil Code of 1870 Articles 2160, and 2161 [These articles dealt with conventional subrogation and legal subrogation respectively.]
We find that Safeco is entitled to recover through the subrogation language in the cash sale between it and Spalitta as well as under LSA-C.C. art. 2503.[3] Pertinent language in the sale between Spalitta and Safeco reads as follows:
[V]endor ... declares that he does by these presents grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver without any warranty whatsoever, even for the return of the purchase price, but with full substitution and subrogation in and to all the rights and actions of warranty which said vendor has or may have against all preceding owners and vendors, unto:
SAFECO TITLE INSURANCE COMPANY, a California corporation.
*474 Spalitta and Safeco expressly agreed in the act of cash sale that Safeco was subrogated to Spalitta's rights in warranty against prior vendors such as the Silveys. Former LSA-C.C. art. 2160 (presently LSA-C.C. art. 1827). This language in the act of sale coupled with Safeco's payment of $10,000 to Spalitta is sufficient to constitute conventional subrogation. See United States Fidelity and Guaranty Co. v. Richardson, 486 So.2d 929, 932 (La.App. 1st Cir.1986). Thus, the trial court did not commit error in concluding that Safeco was subrogated to Spalitta's rights under former LSA-C.C. art. 2160.
The civil code also allows Safeco to become subrogated to Spalitta's warranty action against the Silveys. LSA-C.C. arts 2503 and 2505 read as follows:
Art. 2503. Modification or exclusion of warranty; buyer's subrogation to seller's warranty against others
The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others.
Art. 2505. Restitution of price in case of eviction, exception
Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.
While Safeco can not pursue an action in warranty against Spalitta because Safeco purchased without warranty and with knowledge of the defective title (LSA-C.C. art. 2505), Safeco is entitled to pursue whatever actions Spalitta might have against prior vendors. LSA-C.C. art. 2503 was explained in the case of Hoggatt v. Halcomb, 250 So.2d 471, 473 (La.App. 2d Cir.1971): "The buyer is ... subrogated to the seller's rights and actions in warranty against all others even where there has been no express stipulation to that effect, and regardless of whether the immediate seller warrants title." (Emphasis ours). See also Collins v. Slocum, 317 So.2d 672, 681 (La.App. 3d Cir.), writs refused, 321 So.2d 362-364 (La.1975); Aizpurua v. Crane Pool Company, Inc., 449 So.2d 471, 472 (La.1984); Russell v. Bartlett, 139 So. 2d 770, 776-7 (La.App. 4th Cir.1961); Butler v. Bazemore, 303 F.2d 188, 196 (5th Cir.1962).
The Silveys contend that the case of Tennent v. Caffery, 170 La. 680, 129 So. 128 (1930), bars Safeco from recovering from them. We have examined the Tennent case as well as the case of Davis v. Millaudon, 14 La.Ann. 808 (New Orleans 1859) cited therein, and find that they are not controlling in the case before us. Because we have decided that Safeco is entitled to recover based on both the subrogation language in the sale from Spalitta to Safeco and LSA-C.C. art. 2503, we will not address Safeco's contention that it is legally subrogated to Spalitta's claims against the Silveys.[4]
For these reasons, the judgment of the trial court is affirmed. Costs to be assessed against the Silveys, defendants/appellants.
AFFIRMED.
NOTES
[1] Safeco did not introduce the assignment into evidence at the trial. Defendants' attorney introduced it at the motion for new trial "not into evidence, merely into the record for purposes of this hearing, to show that there was a specific assignment of claim, which was furnished to me [the Silveys' attorney] in response to a request for production of documents, which is in the record...." We note that while the request for production is in the record, the response i.e., the assignment, was not filed in the record except at the motion for new trial.
[2] Plaintiff in brief states that the judgment includes interest. While the reasons for judgment do state that "Safeco may not collect more than it has paid [to Spalitta] with interest and costs", the judgment itself simply states that Safeco is awarded judgment of $10,000 and court costs; no mention is made of interest. We note that the language of the judgment is controlling as opposed to the reasons for judgment. Lutz v. Jefferson Parish School Board, 503 So.2d 106, 109 (La. App. 5th Cir.1987). Because Safeco has not answered the appeal to seek an increase in damages, and the judgment does not provide for interest, Safeco is not entitled to interest. See Davis v. LeBlanc, 149 So.2d 252 (La. App. 3d Cir.1963).
[3] Safeco in the petition alleged that "SAFECO has an interest in the outcome of this matter to the extent of the amount of the settlement due to defendants' failure to tender merchantable and clear title; as such SAFECO is legally entitled to subrogation into plaintiff's claim for this amount." Although Safeco alleged recovery to be due under a legal subrogation theory, the court is not bound by the language in plaintiff's petition and may render any judgment that is just and equitable based on the evidence. LSA-C.C.P. art. 862; Louisiana Farm Bureau Mutual Insurance Company v. Dunn, 484 So.2d 853 (La. App. 1st Cir.1986).
[4] If recovery to Safeco is allowed under conventional subrogation under former LSA-C.C. art. 2160, then Safeco is only entitled to recover the amount it paid Spalitta. H.B. "Buster" Hughes, Inc., v. Bernard, 306 So.2d 785 (La.App. 4th Cir.), affirmed, 318 So.2d 9 (La.1975). If recovery is allowed under LSA-C.C. art. 2503, Safeco is entitled to recover whatever Spalitta could have recovered under LSA-C.C. art. 2506. Spalitta paid the Silveys $10,000 for the property; according to the evidence, Safeco paid Spalitta $10,000.