## JOHN CORBETT *v.* M. COSTELLO et al.

Action on a written contract, leasing " the ground floor of the brick building on the corner of Lafayette and New Levee streets," &c. The answer set up, that all the premises leased were not delivered. Parole evidence was admitted " of the acts and declarations of the defendant showing that the apartment occupied by him was the only part of the ground floor to which he was entitled under the contract, according to the understanding of the parties." To the admission of this evidence a Bill of Exceptions was taken. *By the Court:* The objection to the admissibility of the evidence is not tenable. The Code of Practice, art. 329, provides : " when the defendant in his answer alleges, on his part, new facts, these shall be considered as denied by the plaintiff—therefore neither replication nor rejoinder shall be admitted." Under this provision it was perfectly competent for the plaintiff to show in what manner the delivery of the property had been effected, particularly as the defendant had put the matter at issue by his answer.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Dorsey*, for plaintiff. *Collins*, for defendants and appellants.

VOORHIES, J. This is a suit instituted by the plaintiff to recover rent on the following written contract of lease, viz :

"Know all men by these presents, that *John Corbett* doeshere by lease unto *Martin Costello* the ground floor of the three story brick building on the corner of *Lafayette and New Levee Streets*, for the full term of three years from the 1st day of October, 1852, to the 1st day of November, 1855. The conditions of this lease are, that the said *Martin Costello* shall punctually pay, or cause to be paid, unto the lessor or his legal representatives, the annual rent of eight hundred dollars, payable monthly, and at the expiration of this lease deliver said premises to said lessor in the same good order and condition in which he received them, the ordinary *wear* and *tear* and other unavoidable causes excepted. It is also a condition of this lease that the said lessee shall make all repairs at his own cost and expense, and comply with all police regulations."

The only ground of defence set up is, that the lessor has failed and refused to deliver to the lessee possession of the whole premises according to the terms of the contract, the lessor having kept possession of the greatest portion of said premises, thereby compelling the lessee to withdraw entirely from the property leased.

It is contended by the defendant, that he was entitled, under the contract, to the whole ground floor of the building therein described, extending in length 117 feet from Fulton to New Levee street, by 23 feet in width, one of the side lines of which bounding on Lafayette street. It appears that the plaintiff was the lessee of this property under *B. Rodrigues*, for which he paid an annual rent of $2500, and that he afterwards divided the ground floor into three separate apartments, one of which, *on the corner of Lafayette and New Levee streets*, he contends, constituted the subject of the contract of lease in question.

The ground floor had not yet been partitioned when the contract between the parties was signed. But it appears that the defendant himself marked off that part of it which he designed to occupy under the contract, and took possession thereof after the partition was erected. It appears he objected at first to the size of the apartment thus allotted to him, but afterwards acquiesced and accepted it, and occupied it during the space of two or three months as a hardware store. During the whole of that time it is not shown that he ever complained of the non-execution of the contract on the part of the plaintiff, or that he was entitled, under it, to any thing beyond the ground floor of the apartment on *the corner of Lafayette and New Levee streets*. When on the eve of leaving it, he stated to one of the witnesses, "that things were not going as he expected, and that he had concluded he would go back to the former store he had rented from *Mr. Peters*." His claim to the whole ground floor of the building was asserted only since the institution of the present suit.

On the trial, a bill of exceptions was taken by the defendant to the ruling of the District Court, in admitting the testimony of witnesses to prove the declarations of the defendant and his acts, showing that the apartment occupied by him was the only part of the ground floor to which he was entitled under the contract, according to the understanding of the parties. The objection to its admissibility was placed on the ground, that it varied the written contract and diminished thereby the plaintiff's obligations under it. It was also objected to on the ground, that it contradicted the allegations contained in the plaintiff's petition, which were admitted by the answer; and also because no ground had been laid in the pleadings to authorize it. The plaintiff's demand is limited to the contract sued upon, which is substantially set forth in his petition. We do not consider the objection to the admissibility of such evidence under the pleadings, tenable. The Code of practice, article 329, provides: "When the defendant in his answer alleges, on his part, new facts, these shall be considered as denied by the plaintiff, therefore, neither replication nor rejoinder shall be admitted." Under this provision, it was perfectly competent for the plaintiff to show in what manner the delivery of the property had been effected, particularly as the defendant had put the matter at issue by his answer.

We assume as correct the proposition of the defendant's counsel, that parole evidence is not admissible to contradict, alter, or vary a written instrument when entered into by the agreement of the parties. For, in the first instance, parties generally make their contracts verbally, and afterwards commit them to writing, and the presumption is that they only write what they deem material. In such a case, the verbal contract being merged in the writing, it is clear that the writing cannot be contradicted, though it may be explained if ambiguous. Our rule upon this subject is substantially the same as that of the Common Law, that parole contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. There appears to be no difference in the interpretation given to it both by the Civil and Common Law Courts. In alluding to the rule, *Greenleaf* says: "The writing, it is true, may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties; but, as they have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it, nor substituted in its stead. The duty of the Court, in such cases, is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the

meaning of the words they have used. It is merely a duty of interpretation; that is, to find out the true sense of the written words, as the parties used them; and of construction, that is, when the true sense is ascertained, to subject the instrument, in its operation, to the established rules of law." Applying these principles to the question presented in the present case, we are unable to discover in what respect the testimony objected to, either contradicts, alters, or varies the written instrument declared upon: no other words are added to it, nor substituted in its stead. But the object of the testimony in this case was not to contradict, alter, or vary the written instrument, but resorted to for the purpose of ascertaining the nature and extent of the subject to which it referred. "Evidence which is calculated to explain the subject of an instrument, is essentially different in its character from evidence of verbal communications respecting it. Whatever, therefore, indicates the nature of the subject is a just medium of interpretation of the language and meaning of the parties in relation to it, and is also a just foundation for giving the instrument an interpretation, *when considered relatively*, different from that which it would receive *if considered in the abstract.*" In the present case, there is some obscurity in relation to the character, or extent of the subject of the contract; the property leased is described to be at the *corner of Lafayette and New Levee streets.* This would seem to exclude that part of the ground floor at the corner of Lafayette and Fulton streets.

In the case of *D'Aquin* v. *Barbour,* 4 An. 441, our predecessors held, "that parole evidence was admissible to show the *nature and extent* of premises leased by an act *sous seing privé*, when from the indefinite language of the instrument, it was necessary to ascertain the intention of the parties. Where the intention of the parties is doubtful, the manner in which a contract has been executed by one with the assent of the other, will determine the construction to be put upon it." In the case of *Squier* v. *Stockton,* 5 An. 743, the leading rule laid down by *Greenleaf,* (1 Green. No. 286,) as to the admissibility of parole evidence to ascertain the nature and character of the subject of contracts, is fully recognized. We are, therefore, of opinion that the testimony was properly admitted by the District Court.

It is also urged by the defendant, that the judgment of the District Court is erroneous, in condemning him to pay three years' rent, as he is only bound for a monthly tenancy. The judgment appears to us to be clearly in accordance with the terms of the contract.

It is, therefore, decreed, that the judgment of the District Court be affirmed, with costs.