34 So.2d 392

**LEMOINE v. LACOUR et ux.**
No. 38465.

Feb. 16, 1948.

K. Hundley, of Alexandria, for plaintiff-appellant-relator.

J. B. Nachman, of Alexandria, for defendants-appellees-respondents.

HAMITER, Justice.

The main demand of plaintiff herein is for specific performance to compel the defendants to make formal conveyance of a one-acre parcel of land, with improvements thereon, located in Rapides Parish.

He alleges that defendants agreed verbally, during the first part of July, 1944, to sell the property to him for the sum of $350, payable in ten monthly installments of $35 each; that he made nine of the monthly payments, as is fully shown by the receipts therefor attached to the petition, and that the tenth payment, which was tendered to defendants but by them declined, has been deposited in the registry of the court; and that defendants have refused to give him a deed to the property, notwithstanding he has fully complied with the agreement.

Plaintiff prays that defendants be ordered and commanded to execute an appropriate deed. Alternatively, he asks judgment for all sums expended by him in connection with the property.

Defendants excepted to the petition as stating no cause of action. The exception was sustained by the district court, and the suit dismissed, as to the demand for specific performance; it was overruled as to the alternative or money demand. On appeal to the Court of Appeal the judgment was affirmed. The case is presently before us on a writ of certiorari or review granted on plaintiff's application.

The Court of Appeal, as well as the district court, correctly concluded that the petition in its present form states no cause of action. Plaintiff expressly alleges that the agreement of sale, under which he seeks specific performance was verbal. Civil Code Article 2440, states:

"All sales of immovable property shall be made by authentic act or under private signature.

"Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."

And there is nothing in the petition to bring the case within the provisions of the referred to Civil Code Article 2275 reading:

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."

There are nine receipts, of course, attached to and made a part of the petition, which are to be considered in passing upon the exception of no cause of action. All of them are identical, except for their respective dates, and recite:

"Received from Mr. Clifton Lemoine $35.00 for payment on place.

"W. L. Lacour
"C. P. Lemoine."

Plaintiff's counsel contends that these receipts constitute written evidence of his contract of sale with the defendants and are sufficient to permit the introduction of parol testimony to identify the property. And in support of the contention he cites Saunders v. Bolden, 155 La. 136, 98 So. 867, Guice et al. v. Mason et al., 156 La. 201, 100 So. 397, 398, and Walker v. Ferchaud et al., 210 La. 283, 26 So.2d 746, 747. The cited cases are not appropriate here. In each of them the writing relied on contained a substantial description of the affected property. Thus in the Saunders case the property was described as the "Judie Lewis place." In Guice v. Mason the description was "a certain 80-acre tract of land laying broadside with the 160-acre tract that he [vendee] now lives on" (brackets ours). And in Walker v. Ferchaud the contract of sale made reference to "124 Stella Street, on grounds measuring about 60 x 150, as per title." In the instant case, however, each of the receipts merely evidences a "payment on place;" it contains no description whatever of any property.

There is applicable here, we think, the doctrine of Kernan v. Baham, 45 La. Ann. 799, 13 So. 155, which was followed in Jackson v. Harris et al., Second Circuit, 18 La.App. 484, 136 So. 166, viz.:

"The writings which defendants present as establishing their title are not only insufficient per se for that purpose, but they are so defective as not to serve as a basis upon which a title could be built up or eked out by parol. The declaration that the promissory note was given as 'the price of certain lands in the parish of St. Tammany' is entirely too general to justify the admission of parol evidence to establish possession of particular property by the party named in the instrument as the vendee, and from such possession to assume or infer it to be that referred to in the writing. Parol evidence to establish identity is allowable, as is likewise parol evidence of possession, in aid of a defective or ambiguous description; but this is only in

cases where there is a sufficient body in the description to leave the title substantially resting on writing, and not essentially on parol, as it would have to rest, if at all, in the case at bar. [45 La.Ann. 799, 13 So. 159.]"

 But it is our opinion that the Court of Appeal, as well as the district court, after concluding that the petition stated no cause of action, should have granted to plaintiff (as he requested in the alternative) permission to supplement his pleadings and to interrogate defendants on oath regarding the verbal sale, pursuant to the provisions of Civil Code Article 2275. Plaintiff has already alleged that immediately after entering into the contract of sale he moved on to the property and that he has lived there continuously since that time. If he can show also that the defendants, in their answers to interrogatories on facts and articles, have confessed the existence of the asserted agreement, clearly his petition will state a cause of action.

Under our modern jurisprudence, in the interest of justice, the technical rules of pleading have been greatly relaxed, and a plaintiff now is accorded the privilege of amending his petition so as to state a cause of action if he can and thereby prevent the dismissal of his suit. Drewett et al. v. Carnahan et al.; 186 La. 243, 172 So. 6; Pool v. Pool et al., La.App., First Circuit, 16 So.2d 132; and Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521, recently decided by this court.

For the reasons assigned the judgments of the Court of Appeal and of the district court, which dismissed plaintiff's suit as to his demand for specific performance, are amended to the extent of reserving to plaintiff the right to supplement his pleadings in the manner above indicated so as to state a cause of action; and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed. If, however, the pleadings are not so supplemented within ninety days from the time this decree becomes final, the suit, as to the demand for specific performance, shall stand dismissed. The costs incurred in this court and in the Court of Appeal shall be paid by defendants. All other costs shall await the final determination of the litigation.

O'NIELL, C. J., absent.