The question presented by this appeal is whether defendant is the lessee of a part of a small building which he occupies and is using as a warehouse.
On February 15, 1945, F. E. Sens, Jr., and his sister, Mrs. Rene B. Serrano, as owners, leased in writing to Joseph M. Liuzza, who *Page 60 
is made defendant in this suit, in consideration of a monthly rental of $175, "* * * the two-story brick building and appurtenances, No. 1565 Tulane Avenue, forming the corner of South Robertson Street, together with all the improvements situated thereon, for the term of sixty (60) months, commencing on the fifteenth day of February, 1945, and expiring on the 14th day of February, 1950."
It was stipulated that the lower portion of the premises was to be used as a drug store, and that the upstairs may be used as a rooming house. The lease was duly recorded in the conveyance office records of the Parish of Orleans.
The plaintiff, Chris E. Poulos, purchased from Sens, Jr., and Mrs. Serrano, on March 21, 1946, certain property which consisted of 1565 Tulane Avenue, and a small frame building in the rear thereof (part of which is the subject matter of this litigation), and also a dwelling house known as 246 South Robertson Street. The dwelling house is in no wise involved in this litigation.
Poulos, availing himself of the provisions of Act No. 298 of 1938, instituted this suit against Liuzza, alleging that the latter is in possession of a portion of the small frame building, and that his occupancy thereof is illegal, because the aforementioned lease does not embrace said property. Plaintiff prays that defendant be ejected therefrom.
Liuzza's defense is that he has the legal right of possession, alleging that the disputed property is part of the leased premises.
The lower court, after a trial of the case on the merits, dismissed the suit. Plaintiff has appealed.
The frame building bears no municipal number. It is a one-story affair and was used prior to 1932 as a garage. Its location is immediately in the rear of 1565 Tulane Avenue, which is a two-story brick structure. The small building fronts on South Robertson Street and has a depth of thirty feet, which is the exact rear width of the brick structure. Its right side abuts and is attached by nails to the rear enclosing wall of 1565 Tulane Avenue, in which there are three openings, viz., two doors and a window, entering into the frame building. Defendant uses the doors for communication between the buildings. The window is located in Liuzza's prescription room.
The following facts are undisputed: During 1932, F. E. Sens, Sr., who was then the owner, leased 1565 Tulane Avenue to Liuzza for one year. One-year leases were also made in 1933 and 1934, and in 1935 a five-year lease was executed. During the term of the last mentioned lease, Sens, Sr., died, and his two children, F. E. Sens, Jr., and Mrs. Serrano, inherited the property. In February, 1940, the Sens heirs made a five-year lease contract with Liuzza, and upon its expiration in 1945 another five-year contract was entered into. Since the commencement of the first lease in 1932, Liuzza has operated his retail drug store on the ground floor of the premises.
Sens, Jr., and Liuzza testified, and the testimony is unchallenged, that when Liuzza moved into the premises in 1932, Sens, Sr., erected in the frame building a solid partition wall which ran for the entire length of said building, for the specific purpose of providing for Liuzza's use as a warehouse and storeroom ten feet of the frame building abutting the drug store. Liuzza has occupied the warehouse and storeroom down to the present time.
Appellant complains that the judge erred in admitting the above testimony over his objection, the basis of which is that under article 2276, R.C.C. parol evidence is incompetent to vary or alter the terms of a written instrument. We think the evidence was properly admitted. It was introduced not for the purpose of altering or changing the terms of the lease, but to explain and identify the subject matter of the lease.
Parol evidence is admissible to show the nature and extent of premises leased, when because of the indefinite language of the written instrument it is necessary to ascertain the intention of the parties. D'Aquin et al. v. Barbour, 4 La. Ann. 441; Corbett v. Costello et al., 8 La. Ann. 427; 32 C.J.S., Evidence § 1007, p. 1018.
In Lemoine v. Lacour et ux., 213 La. 109, 110, 34 So.2d 392, 394, in construing an act *Page 61 
of sale of real property, the Supreme Court said: "* * * Parol evidence to establish identity is allowable, as is likewise parol evidence of possession, in aid of a defective or ambiguous description; but this is only in cases where there is a sufficient body in the description to leave the title substantially resting on writing, and not essentially on parol, * * *."
It appears that the frame building, because of a state of disrepair, has been ordered demolished by the Building Inspector of the City of New Orleans, and that Poulos intends to erect a brick structure on its site. The order of condemnation was issued at Liuzza's request. Plaintiff's counsel points to this and argues that it infers that the warehouse was not included in the lease, otherwise Liuzza would not have had the building condemned as being unsatisfactory for occupancy. Liuzza, however, explains that Poulos requested his assistance in securing the issuance of the order, promising that when the new building was erected he would provide Liuzza with a part thereof for his warehouse. This statement of Liuzza is uncontradicted; Poulos made no effort whatever to rebut the testimony or deny its truthfulness.
Plaintiff pitches his case upon a strict interpretation of the word "appurtenances," maintaining that the lease as written does not embrace the warehouse space. Counsel for both parties have argued at length as to the meaning of the word "appurtenances," and have supplied us with quotations from dictionaries and also from cases in which the word has been defined by the court. We deem it unnecessary to resort to such definitions in formulating an opinion in this case. If there is any doubt as to what was meant by "the two-story brick building and appurtenances, No. 1565 Tulane Avenue," the practical construction placed thereon by the parties should be the standard for resolving the doubt. Article 1956, R.C.C. reads thus: "When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation."
In Metcalfe v. Green, 140 La. 950, 74 So. 261, 266, the Supreme Court said: " 'When the intent of the parties is doubtful,' says the Code, 'the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.' C.C. art. 1956; Marcotte v. Coco, 12 Rob. 167; Fontenot v. Manuel, 46 La. Ann. 1373, 16 So. 182; Succession of Bidwell, 51 La. Ann. [1970] 1986, 26 So. 692."
For many years, and under six different lease contracts, Liuzza has continued to occupy the warehouse with the express consent and approval of his lessors, and no doubt whatever exists in our minds that the warehouse was intended by the parties to the lease to be included therein.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., takes no part.