66 So.2d 634 (1953)
SEXTON
v.
WAGGONER.
No. 7962.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Rehearing Denied July 20, 1953.
*635 W. M. Phillips, Shreveport, for appellant.
Campbell & Campbell, Minden, for appellee.
GLADNEY, Judge.
Plaintiff, Conrad Sexton, brought this suit against E. C. Waggoner, to have himself decreed the owner of five (5) acres of land, together with the improvements thereon in the form of a square, located in the Southeast corner of the Southwest Quarter of the Southwest Quarter (SW¼ of SW¼), Section Twenty-Seven (27), Township Twenty-Three (23) North, Range Nine (9) West, less and except one-half of the mineral rights as reserved by vendor.
After trial and rendition of judgment in favor of plaintiff, defendant secured orders of appeal to the Supreme Court of Louisiana. The appeal was duly perfected but the Supreme Court determined that it did not have jurisdiction of the appeal because the record did not affirmatively show the value of the thing in controversy exceeded $2,000.00, exclusive of interest. Accordingly, the case was transferred to this court. See Sexton v. Waggoner, 1953, 222 La. 680, 63 So.2d 423.
Plaintiff states for a cause of action that in 1946 he entered into a verbal contract to buy the above described property from defendant on terms of credit for the price of $900.00, payable at the rate of $30.00 per month, and immediately after the *636 agreement he took possession of the property by moving into the house situated thereon, and has been in continuous possession thereof as owner since April 27, 1946.
He further alleged that prior to July, 1948, he paid in monthly payments to the defendant, upon the purchase price of said property, the sum of $800.00 and in addition to this sum received a credit of $62.50, representing a credit which defendant receipted him in writing, as a share of a bonus paid for an oil and gas lease; that the defendant duly receipted him for all of the other partial payments which he had made; that in July, 1948, he borrowed $1,000.00 from the defendant who, incidentally, was the husband of plaintiff's sister, with the understanding that this amount, plus $37.50 due on the previous obligation, would be repaid at the rate of $50.00 per month and this latter loan was secured by the pledge of the various receipts above referred to; and that from August, 1948, until December, 1948, plaintiff made five (5) $50.00 payments, but that immediately after the December payment the defendant returned said payment, advising plaintiff that he was not going to accept further payments and was calling the whole thing off.
Plaintiff did not annex to his petition interrogatories on facts and articles, but in his prayer thereto asked to be permitted to interrogate on oath in open court the defendant as to the matters and things set forth in the petition. Plaintiff further prayed for judgment ordering the defendant to specifically perform his obligations and convey the described property to plaintiff upon the latter paying the balance of the purchase price consisting of $37.50.
Respondent filed an exception of no cause of action which was overruled, and answered to the merits. Plaintiff also procured a subpoena duces tecum to require the defendant to produce in open court the several receipts above referred to. In answer to the subpoena duces tecum defendant stated the receipts had been destroyed and, therefore, he was unable to produce them.
The substance of defendant's answer is contained in paragraphs 13 and 14 thereof:
"Further answering said petition defendant shows that in the spring of 1946 he and plaintiff entered into a verbal agreement under which defendant agreed to sell to plaintiff a tract of land near his home and a part of his home place; that said land is not correctly described in plaintiff's petition; that said sale was to be made for a consideration of Nine Hundred Dollars ($900.00) to be paid within one year of the date of said agreement; that no particular monthly payments were agreed upon, it being merely understood that the full purchase price would be paid within said time; that in said agreement the parties agreed that defendant would reserve for himself one-half of the minerals on said property, the other one-half thereof being then owned by persons who had reserved the same in their sale to him and it was agreed that no part of said mineral rights would be conveyed to plaintiff.
"That in said agreement defendant and plaintiff agreed, and it was thoroughly understood, that said property being almost in his own yard, defendant would have the exclusive right and option to repurchase the same, at any time that plaintiff desired to sell, for the price paid plus the value of any improvements placed thereon by plaintiff and it was further agreed that if, at any time prior to the execution of the deed, either of the parties should become dissatisfied with the agreement, he would be entitled to withdraw therefrom and that in such case defendant would repay to plaintiff the amount paid by him on the purchase price of the property and that their agreement would thereupon be at an end, and defendant would waive any claim for rent of the place."
After the filing of the answer by defendant, the second exception of no cause or right of action was filed and by the court was overruled.
*637 When respondent's answer to plaintiff's petition and his answers to the interrogatories propounded to him in open court are construed together, we find it clearly established from the evidence confessed by the defendant that he agreed to sell to plaintiff for the price of $900.00 five (5) acres located in the Southeast corner of the Southwest Quarter of the Southwest Quarter (SW¼ of SW¼), Section Twenty-Seven (27), Township Twenty-Three (23) North, Range Nine (9) West, the defendant reserving to himself one-half of the minerals underlying the property; and further that plaintiff paid defendant on the purchase price $800.00 for which he gave receipts.
Despite this substantial confession defendant urges the following defenses: The court erred in overruling the exception of no cause or right of action first filed by defendant before the interrogatories on facts and articles were propounded; and that the court erred in overruling the second exception of no cause or right of action filed upon the completion of the answers to the interrogatories on facts and articles, in that: first, the confessed evidence was insufficient to identify the shape of the five acre tract; and, second, by not recognizing defendant's right to withdraw from the verbal sale upon restitution of the amount paid to him.
It is also urged that if defendant is required to deed said property to plaintiff, the latter should be condemned to pay unto defendant the sum of $837.50. We cannot accord this point consideration inasmuch as defendant failed to file a reconventional demand.
Defendant's first contention is leveled at the failure of plaintiff to annex to his petition written interrogatories upon facts and articles. It is argued that a verbal agreement of sale of real estate is null until admitted in response to the interrogatories, and, therefore, plaintiff's petition did not state a cause of action. The procedure for use of interrogatories on facts and articles is regulated by articles 353-356 of the Code of Practice. There is no sacramental requirement that such interrogatories be annexed to the petition and the tendency of our present day jurisprudence is to relax in the interest of justice technical rules of pleading, where to do so would be to accord plaintiff the privilege of amending his pleadings to state a cause of action if he can and thereby prevent the dismissal of his suit. Articles 2275, 2440 of the LSA-Civil Code. Lemoine v. Lacour, 1948, 213 La. 109, 34 So.2d 392.
Indeed, there is nothing unfair suggested by defendant in being required to answer these interrogatories upon the day of trial. After all, his answers relate to information of which he has personal knowledge and justice and equity require that he answer all material interrogatories from the whole cloth. The court a quocorrectly overruled the first exception of no cause and no right of action.
There is more substance to the argument in favor of the second exception of no cause and right of action filed by defendant, but that too, in our opinion, was correctly disposed of by the trial judge. This exception is founded upon several grounds. It is urged that by reason of the provisions of Article 356 of the Code of Practice and Article 2291 of the LSA-Civil Code, the answers to the interrogatories on facts and articles which were propounded to the defendant must not be divided against him. Respondent says parol evidence was admitted upon the trial of the case to contradict defendant's answers to the interrogatories. Defendant's theory is that defendant's answers to the interrogatories became a part of his pleadings and are not afterward subject to contradiction or explanation by parol evidence in a case where the propounding of interrogatories on facts and articles is the only method by which the party propounding the interrogatories may establish his title. This is the general rule but it is not without its limitations. In Fontenot v. Ludeau, 1939, 191 La. 540, 186 So. 21, 25, the qualifications stated thusly by O'Niell, C.J., are:
"Article 356 of the Code of Practice declares that a party wishing to avail himself of the admissions made *638 by the adverse party in his answers to interrogatories on facts and articles must not divide the answers, or attempt to avail himself of any one answer separately and apart from the others. He must take them all together. Accordingly, the answers of the plaintiff in this case, to the interrogatories on facts and articles, must be taken, not as if they stood alone, but in their relation to the other allegations made by the plaintiff in her pleadings. In Berthole v. Mace, 5 Mart., O.S., 576, page 592,a case in which parol evidence was admissible, Justice Martin, for the court, said:
"The defendant's answer(s) to the interrogatories, if used at all, by either party, must be taken together, and cannot be divided.
"He had a right to explain his answer(s), and add thereto such circumstances as might prevent his being entrapped by too general an answer to a too general interrogatory.'"
Article 1955 of the LSA-Civil Code declares that all clauses of agreements are to be interpreted the one by the other, giving to each the sense that results from the entire act.
Parol evidence is admissible to show the nature and extent of premises when it becomes necessary to do so because of the indefinite language of the contract. However, this is only permitted in cases where there is a sufficient body in the description to leave the title substantially resting on writing and not essentially upon parol. Lemoine v. Lacour, supra; Poulos v. Liuzza, La.App., 1949, 43 So.2d 59.
Defendant's answers to the interrogatories substantially confessed the verbal agreement. However, counsel for defendant poses the following exceptions: First. He declares that there was no definite agreement as to the tract of land being in a square in the Southeast Quarter of the forty (40) acre tract in question, and the shape thereof was not sufficiently proven. There was admissible parol evidence on this point. We think sufficient proof was made. Defendant testified the five (5) acres were situated in the Southeast corner of the particular quarter section. There was no specific testimony, of course, as to the measurements from the Southeast corner to the north and west so as to constitute a tract of land containing five (5) acres, but this is only a circumstance to be considered. Defendant also admitted that plaintiff has been in actual possession of the tract of land since April, 1946. We are certain, therefore, that both parties understood substantially the limits of the property. However, parol evidence is sufficient to establish the identity of the property. The tract is sufficiently located by the agreement of the parties. Therefore, we do not agree with respondent's position.
The judge a quo found from the evidence that the property sold by the defendant to plaintiff was in the form of a square. A description such as described in the judgment from which appealed is legally sufficient.
Second. The defendant testified:
"The agreement was that if either one of us became dissatisfied before it was paid out, before he paid me for it, either one of us could withdraw, or terminate it, and I would give him whatever amount he had paid me back. That was strictly my understanding of the agreement."
It was not until December 19, 1948, that defendant undertook to withdraw from the agreement. At this time plaintiff had paid around $1,037.50 or $1,100.00, depending upon whether or not plaintiff should be given credit for $62.50. Plaintiff paid $200.00 between July and November, 1948, and an additional payment of $50.00 in December, 1948, which payment was returned with the statement from defendant that he wished to withdraw from the undertaking. The position of defendant is that when the verbal agreement was made in 1946 it was agreed that either party could withdraw before payment of the purchase price and the money paid on the contract would be refunded.
*639 This is not a case involving earnest money rules as prescribed by Article 2463 of the LSA-Civil Code, but the rights of the parties are, in our opinion, governed by Articles 1926 and 1927 of the LSA-Civil Code. These articles accord to the obligee upon breach of the obligation the right to exact damages, or to require the dissolution or specific performance of the contract at his option, with allowance of damages where such have properly accrued. Where specific performance is the more complete remedy, it should be permitted in cases where it is available and is demanded. See Gulf Refining Company of Louisiana v. Hayne, 1921, 148 La. 340, 86 So. 891.
We think because of the performance of his obligation under the contract and because the obligation has been established by the evidence, plaintiff is legally clothed with the right to demand specific performance.
The terms and conditions of the $1,000.00 transaction relate to a simple loan and may be proven by parol evidence. This contract was also verbal, and so far as the record indicates there was no definite understanding as to the application of payments to the most recent debt. Plaintiff, in our opinion, had the right to rely upon the provisions of Article 2166 of the LSA-Civil Code, which states:
"When the receipt bears no imputation, the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due; otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable.
"If the debts be of a like nature, the imputation is made to the debt which has been longest due; if all things are equal, it is made proportionally."
In giving effect to this article it is clear to us that at the time defendant attempted to withdraw from his 1946 agreement with plaintiff, the property was fully paid for. Obviously, the contract was executed insofar as plaintiff was concerned. Defendant's right to withdraw did not exist.
Our findings as set forth above require that the judgment from which appealed be affirmed, but amendment should be had to permit performance in the manner settled by the trial court. The decree ordered the defendant to specifically transfer the property to defendant "within a delay of fifteen days from the day that this judgment is signed". Because of the appeal that time has passed and it is permissible for this court to provide a proper extension thereof. See Article 2562 of the LSA-Civil Code.
It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Conrad C. Sexton, and against the defendant, E. C. Waggoner, ordering the said defendant to specifically perform the oral agreement made during the spring of 1946, and to transfer by formal act of sale, to the plaintiff herein, the said Conrad C. Sexton, the following described property, to-wit:
Five acres in the form of a square in the Southeast corner of the Southwest Quarter of the Southwest Quarter, (SW¼ of SW¼), Section Twenty-Seven (27), Township Twenty-Three (23) North, Range Nine (9) West, with all improvements thereon and all rights thereunto belonging, save and except all of the oil, gas and other minerals therein and thereunder, the same to be reserved to the defendant, E. C. Waggoner, the defendant to effect the transfer within a delay of fifteen days from the day this judgment becomes final.
It is further ordered, adjudged and decreed that in the event that defendant, the said E. C. Waggoner, does not issue the formal act of sale above referred to within the delay fixed above, then the plaintiff, Conard C. Sexton, be, and he is hereby recognized as the owner of the above described property upon his, plaintiff's, depositing in the registry of this Honorable Court the sum of Thirty-Seven and 50/100 ($37.50) Dollars.
It is further ordered appellant pay all costs, including cost of this appeal.
McINNIS, Judge, is recused.