351 So.2d 238 (1977)
James W. BOSTICK, Jr.
v.
Clarence P. FORET.
No. 8423.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
Rehearing Denied November 10, 1977.
Writ Refused December 9, 1977.
Edwards, Porteous & Lee, Marion F. Edwards, Gretna, for plaintiff-appellee.
McClendon & Denkman, Metairie, for defendant-appellant.
Richard T. McBride, New Orleans for intervenor-appellant, in pro. per.
*239 Before REDMANN, GULOTTA and BEER, JJ.
GULOTTA, Judge.
Defendant appeals from a judgment declaring plaintiff to be the owner of certain batture property on the west bank of the Mississippi River in Jefferson Parish. We affirm.
Plaintiff's possessory action in which he seeks recognition of his right to undisturbed possession of the land in dispute has been converted into a petitory action by defendant's answer and reconventional demand seeking recognition of defendant's ownership of the property and damages occasioned by plaintiff's possession. Defendant's predecessor in title intervenes and seeks dismissal of plaintiff's suit.
In written reasons for judgment, recognizing plaintiff as owner of the disputed property and dismissing defendant's reconventional demand, the trial judge concluded that plaintiff "has clearly acquired title by virtue of 30 years' possession". Citing Pure Oil Company v. Skinner, 294 So.2d 797 (La. 1974), he further stated that defendant had failed to prove that he had acquired title "against the world without regard to title of adverse claimant".
The dispute centers around batture property located between the river and the levee in front of lots fronting on the river road in Jefferson Parish.
In a cash sale dated November 8, 1917, Manuel J. DeBlanc conveyed the road frontage lots, together with two additional lots immediately to the rear,[1] to J. T. Prowell.
On September 8, 1933, Prowell transferred the four lots to David Investment Company. The property description in the conveyance is virtually identical to that in the 1917 sale except that the words "batture and batture rights" are added.
On December 21, 1936, David Investment sold the four lots to James W. Bostick, Sr., plaintiff's father. The act of sale describes the property transferred as "portions of Farm Lots 1, 2, 24 and 25" and makes reference to a Louisiana Meadows Company map attached to the 1917 act. The property is further delineated by reference to "a blueprint of survey by Alvin E. Hotard" attached to the act of sale. No mention is made, however, of "batture and batture rights". Nevertheless, the act contains an acquisition clause stating that the property conveyed is "the same property acquired by vendor by purchase from J. T. Prowell" and identifying the 1933 act by notary, date and number of registry. (The 1933 act includes "batture and batture rights".)
On September 14, 1944, plaintiff acquired lots 1 and 25 from his father. On August 19, 1952, plaintiff acquired lots 2 and 24 by cash sale from his mother, the two lots having been previously sold to her by Bostick, Sr., following their divorce.
Defendant bases his title on a purchase of the batture from David Investment Company in liquidation on December 19, 1974. According to defendant, David had acquired the lots and the then-existing batture by purchase from Prowell in the 1933 sale but had not transferred the batture in the 1936 sale to Bostick, Sr.[2] Intervenor McBride, liquidator of David Investment and warrantor of defendant's title, takes the same position as Foret.
On appeal, in addition to reasserting his claim to ownership of the batture, defendant raises procedural and substantive arguments in seeking a reversal of the trial court's judgment. Defendant and intervenor contend that when the trial judge concluded defendant had failed to establish his *240 title, the judge should have dismissed defendant's petitory demand as a "nonsuit" and should not have considered plaintiff's claim to ownership. In addition to defendant's claim that title to the batture was not transferred to Bostick, Sr., in the 1936 sale, Foret and intervenor contend plaintiff failed to prove either 10 or 30 years' acquisitive prescription.
In connection with acquisitive prescription, plaintiff asserts a valid chain of title dating back to the 1933 sale from Prowell to David Investment in which the four lots are conveyed, together with the batture and batture rights. Because the 1936 sale from David Investment to Bostick, Sr., states that the property conveyed is the same as that acquired by David from Prowell, plaintiff argues that his father acquired all the property, i. e., the four lots and the batture.
At the outset, we find no merit to defendant and intervener's procedural argument that the trial judge, having concluded that defendant had failed to prove a valid title, should have dismissed the action as a "nonsuit" without considering plaintiff's ownership. Though we do not quarrel with the settled jurisprudential rule[3] that the title of a defendant in a petitory action is not at issue until plaintiff has proved valid title in himself, we do not feel that this principle necessitates a judgment of "nonsuit" in the instant case. Of particular significance in our case is the fact that plaintiff initiated litigation by filing a possessory action in which he alleged possession of the batture as owner and prayed for judgment recognizing his undisturbed possession. The suit was converted to a petitory action by defendant's answer and reconventional demand asserting title in himself. Defendant's argument would have merit had he initiated the litigation by filing a petitory action, but under the circumstances, a dismissal of the action as a "nonsuit" would leave unresolved the initial question, i. e., whether plaintiff is entitled to a judgment recognizing his right to undisturbed possession of the batture. We therefore conclude that the trial judge, upon dismissing defendant's reconventional demand asserting title, properly heard evidence on the main possessory demand.
Turning now to plaintiff's contention that he has acquired ownership of the batture by title, we note that a discrepancy exists in the description of the property conveyed. The first part of the description in the 1936 act of sale sets forth the dimensions of the four lots and makes reference to the maps by the Louisiana Meadows Company and Hotard without mentioning the batture; however, the last part of the description of the property, the acquisition clause, states that the property conveyed is the same[4] as that acquired by David Investment from Prowell in 1933. The 1933 act conveys the farm lots and the batture and batture rights. Furthermore, the mortgage and conveyance certificates attached to the 1936 act of sale include in the description the batture and batture rights. This discrepancy creates uncertainty and ambiguity as to whether the batture was in fact included in the 1936 sale of property from David Investment to Bostick, Sr.
Though we are mindful of the settled doctrine that parol evidence cannot be introduced to vary the terms of a written act,[5] when ambiguity exists in the act, resort to extrinsic evidence is permissible to *241 clarify the ambiguity by showing the intention of the parties. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (1953); Snow-White Roofs, Inc. v. Boucher, 182 So.2d 846 (La.App. 4th Cir. 1966). Parol evidence is admissible to establish identification of property conveyed where the description in the act of sale is ambiguous, so long as there is a sufficient body in the description to leave title substantially resting on writing and not essentially on parol. Lemoine v. Lacour, 213 La. 109, 34 So.2d 392 (1948); Sexton v. Waggoner, 66 So.2d 634 (La.App. 2d Cir. 1953). Under the circumstances, we are in agreement with the trial court's determination to hear parol evidence for the purpose of clarifying the ambiguity.
In written reasons, the trial judge stated:
"The Court, after considering the testimony and the documents in question, and the undisputed fact that the Bosticks have paid taxes on the batture and acted as owners through the years while David Investment Company made absolutely no attempt of any kind to show ownership, is of the firm opinion that David Investment Company meant to convey title to the batture to Mr. Bostick, Sr. in 1936, but the batture description was inadvertently omitted from the act of sale by the Notary."
The record amply supports this conclusion.
Mrs. Jeannette Friley, plaintiff's mother, testified that the property was inspected with a representative of David Investment when the Bosticks made an offer to purchase it. She stated that the representative had told them at that time that the batture would belong to them. Furthermore, the Bosticks' belief that they had purchased the batture, together with the farm lots, is clearly demonstrated by their notorious and open possession of it.
There is ample evidence in the record to indicate that Bostick, Sr., from as early as 1933, fenced the batture area, raised crops, grazed livestock, installed a water pump and tank, built a shed, allowed fishermen to construct sheds and conducted haymaking operations on the batture property, possessing it as owner. During his minority, plaintiff aided his father in these operations. Following plaintiff's discharge from active service on October 27, 1945, subsequent to his purchase of lot 1, plaintiff himself possessed the batture area and continued the haymaking operations, granted permission to a fisherman to construct a camp on the batture, allowed a union strike headquarters to be built there and leased the mineral and mooring rights to the property, acting in these particulars as owner of the batture property from October 27, 1945 to the present. Evidence in the record also indicates that the Bosticks paid property taxes on the four lots and the batture since 1936.
Furthermore, as noted by the trial judge, the mortgage and conveyance certificates attached to the 1936 act of sale contain property descriptions which include the batture and batture rights. Though the description in the act of sale itself does not include the disputed property, the attached mortgage and conveyance certificates are significant in that they indicate that the parties to the act of sale intended that the batture property be conveyed along with the lots.
Particularly significant, as further observed by the trial judge, is the fact that David Investment, subsequent to the 1936 sale, did not, until 1974, make any use of the batture property or interfere in any way with the Bosticks' notorious possession of it. Had David Investment not intended to convey the batture property in the 1936 sale, presumably it would have made some use of this valuable batture property through the years, such as leasing it in the manner that plaintiff's family did. As the court found as a matter of fact, it was not until defendant Foret researched the public records, discovered the batture omission in the 1936 sale, informed the liquidator of David Investment and offered to purchase the batture property from him that David Investment acted as owner of the batture. It is also significant that David Investment has not paid property taxes on the batture since the 1936 sale. Reading the 1933 and *242 1936 acts of sale in pari materia,[6] in light of this extrinsic evidence, we conclude that the 1936 sale conveyed the four farm lots and the batture, as intended by the parties. Accordingly, plaintiff's father acquired the disputed property by legal title and plaintiff himself acquired it in the subsequent sales. It is undisputed that plaintiff's parents intended to convey the lots and the batture to him.
We distinguish our case from Maginnis Land & Improvement Co. v. Marcello, supra, relied on by defendant. In Maginnis, the property was described in the deed as fronting on Bayou Lafourche, but the plat referred to in the deed clearly showed that the property fronted on a public road. The court properly held that the plat prevailed and that the deed did not convey the batture property. In our case, there is no such discrepancy. The Hotard survey attached to the act of sale (1936 sale from David Investment to Bostick, Sr.) is merely a further delineation of the Louisiana Meadows Company map and does nothing more than give the dimensions of the farm lots conveyed. If a discrepancy had existed between the written description of the farm lots and the description of the lots as set forth in the Hotard survey, the rule of Maginnis would apply. We find Maginnis inapplicable to the facts in our case.
Under the circumstances, we conclude Bostick, Sr., acquired ownership of the batture property by transfer from David Investment Company in the 1936 act of sale and plaintiff is entitled to recognition of his right to undisturbed ownership and possession. Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] "Farm Lots Numbers One (1), Two (2), Twenty four (24), Twenty five (25), being a portion of the sub-division of Section four (4), Township Thirteen (13), South Range Twenty two (22) East, Parish of Jefferson, State of Louisiana, as shown by the Louisiana Meadow Company's map, now on file with the Clerk of Court in and for the Parish of Jefferson, State of Louisiana, containing Twenty 64/100 (20.64) Acres, all more or less, together will all the buildings and improvements thereon, rights, ways, privileges and appurtenances thereunto belonging or in any wise appertaining."
[2] In this argument, defendant places reliance on Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653 (1929).
[3] See Montgomery v. Breaux, 297 So.2d 185 (La.1974); Cook v. Martin, 188 La. 1063, 178 So. 881 (1938); Schutten v. Orleans Parish Levee District, 320 So.2d 605 (La.App. 4th Cir. 1975), writ denied, 323 So.2d 806 (La.1976).
[4] The acquisition clause reads as follows:

"Being the same property acquired by David Investment Inc., from Jones T. Prowell by act before Richard T. McBride, No. Public, dated September 8, 1933, COB 118, Folio 222, Records of Jefferson Parish, Louisiana."
The clause does not state "part of the same property acquired" but "the same property acquired".
[5] LSA-C.C. art. 2276 provides as follows: Art. 2276. Parol evidence relative to written instruments

"Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
[6] Lawler v. Bradford, 113 La. 415, 37 So. 12 (1904); Tennent v. Caffery, 170 La. 680, 129 So. 128 (1930); Emerson v. Cotton, 209 La. 1003, 26 So.2d 16 (1946).