CULPEPPER, Judge.
This is a petitory action in which the defendant reconvened claiming possession and ownership of the approximately one acre in dispute. The trial judge rejected plaintiff’s demand and held that the defendant is the possessor and owner of the entire property in dispute. Plaintiff appealed.
On appeal, plaintiff assigns three errors by the trial judge: (1) not recognizing plaintiff as owner of the disputed area by the acquisitive prescription of 30 years provided in LSA-C.C. Article 794, which replaced former Civil Code Article 852, (2) alternatively, rejecting plaintiff’s claim to a 31.8-foot strip based on the acquisitive prescription of 10 years under LSA-C.C. Article 3478 et seq., (3) finding defendant (plaintiff-in-reconvention) proved ownership by the acquisitive prescription of 10 years under LSA-C.C. Article 3478 et seq.
The issues on appeal are entirely factual. There is no dispute as to the law. The trial judge has written an excellent opinion of 28 pages discussing in detail the evidence, finding the facts, and correctly applying the applicable law. We will discuss only the issues urged on appeal.
For purposes of clarity, we include in our opinion the following plat of a survey by E. L. Palmer made in August of 1976 and used at the trial by both parties with certain notations added thereon:

*889

The approximately one acre in dispute is shown on the plat as enclosed within the four corners marked A, B, C and D. The evidence shows that by deed dated March 4, 1968 the plaintiff Speight purchased from H. H. Tibbett the approximately one acre designated on the plat by his name, together with a strip of land 31.8 feet in width *890 shown on the plat as running across the southern portion of the property in dispute. Tibbett purchased the identical property from D. A. Dowden by deed dated October 17, 1964. D. A. Dowden purchased the identical property from Elmer A. Rhodes by deed dated January 22, 1949. There are no other deeds in evidence in plaintiff’s chain of title.
Speight contends that when he purchased his property including that in dispute, it was bound on the west by the public road and on the north, east and south by fences. When Speight originally filed this suit on February 12, 1979, he alleged that the defendant, Wingate Dowden, had disturbed his possession by tearing down certain fences, planting a garden and exercising other rights of possession. The evidence actually shows that in about August of 1976, defendant did tear down a fence which ran approximately along the south boundary of the property in dispute. In his original petition, Mr. Speight prayed for recognition of his ownership of the property in dispute, restoration of his possession and for damages for disturbance by Dowden. Of course, this was an improper cumulation of the petitory and possessory actions, resulting in the waiver by plaintiff of the possessory action. LSA-C.C.P. Article 3657. Thus, plaintiff’s action is treated as petitory.
The defendant Dowden answered, denying plaintiff’s ownership and alleging by reconventional demand that he possesses and owns the entire 8.15 acres shown on the attached plat, including the area in dispute. The record shows that by deed dated March 16, 1955 Wingate Dowden acquired from Minnie A. Taylor and Bertha Taylor Tabor record title to the 8.15 acres shown on the plat, which, of course, includes the entire area in dispute. Minnie A. Taylor and Ber-tha Taylor Tabor are respectively the wife and daughter of Hoy Lee Taylor, who acquired the identical property on February 28, 1946 by deed from Elias B. Lee.
Defendant Dowden contends that he and his ancestors in title have been in corporeal possession of the entire 8.15 acres, including the property in dispute, since the 1920s, when Elias B. Lee lived on the property. Bertha Taylor Tabor and her husband testified the Taylors lived in the house on the property from the time they purchased it from Elias B. Lee to 1946. Wingate Dow-den has lived on the property since he purchased it from the Taylors in 1955.
The principal cause of this litigation arises out of the 31.8-foot strip across the south end of the property in dispute, which strip was first described in the deed from Elmer A. Rhodes to D. A. Dowden, dated January 22, 1949. When Wingate Dowden purchased the 8.15 acres in 1955, he had no knowledge that the 31.8-foot strip across his property had been included in the prior above described deeds in Speight’s chain of title. Defendant did not know about the 31.8-foot strip until 1959 or 1960. This is made clear in the trial judge’s written reasons:
“Defendant and plaintiff-in-reconvention commenced his good faith possession of the disputed parcel in July, 1955, when he began to clear off the property in order to render it more suitable for grazing purposes. He removed all the remaining vestiges of prior possessions of the disputed parcel and repaired and/or constructed perimeter fences on the North, West, and, East sides of the disputed parcel, leaving it open to his adjoining property to the South of the disputed parcel. This work was completed some time in 1956 or 1957 when the last of some domestic fruit trees were removed from the disputed parcel. Some time after the purchase of the property by defendant and plaintiff-in-reconvention in 1955, D. A. Dowden, the then record owner of the property in plaintiff’s deed, and uncle to defendant and plaintiff-in-reconvention, acquired a milk cow, which defendant permitted him to pasture on both the disputed parcel and the remainder of defendant’s adjoining property. During either 1959 or 1960, D. A. Dowden requested the permission of defendant and plaintiff-in-reconvention for the construction of a fence across the South end of the disputed parcel in *891 order to eliminate the daily trips by D. A. Dowden to more distant points on defendant’s property to get his milk cow. In the course of his discussions of this matter with defendant, D. A. Dowden pointed out that he had a 30-odd foot strip of land in the disputed parcel, which strip of land had never been fenced. Defendant agreed to the construction of the fence requested by D. A. Dowden, but insisted that the new fence corner with the south end of the east boundary fence of the disputed parcel, i. e., the fence, C-D, on Exhibit D — 1. The fence permitted by defendant was erected by D. A. Dowden, some time in 1959 or 1960 and remained until its removal by defendant, some time in 1979, at which time defendant personally took corporeal possession of the whole of the disputed parcel. He has personally maintained possession of the disputed parcel since some time in 1976.
“D. A. Dowden obviously considered himself to be the owner of the 31.8 foot strip in his deed and, therefore, did not need defendant’s permission to enclose it. However, he did consider defendant’s permission necessary for the enclosure of the rest of the disputed parcel. He was, therefore, after some time in 1959 or 1960, clearly possessing that portion of the disputed parcel with defendant’s and plaintiff-in-reconvention’s permission and indulgence.
“Moreover, D. A. Dowden’s successors in title, including plaintiff, acquired no greater rights to that portion of the disputed parcel beyond the boundaries of the 31.8 foot strip thereof, described in their deeds, than D. A. Dowden had to transfer to them. Thus, their possession of that portion of the disputed parcel not included in their deeds, was also with the permission and at the indulgence of defendant and plaintiff-in-reconvention. Therefore, their possession of that portion of the disputed parcel was not for themselves, but, rather for him.”
Plaintiff contends the testimony of Mr. H. H. Tibbett and of a daughter of Mr. D. A. Dowden, ancestor in title to plaintiff, shows there was an old east-west fence in existence approximately along the south boundary of the property in dispute since 1944, and that this fence remained in existence until the defendant tore it down in 1976. Of course, this testimony conflicts with defendant’s testimony, which the trial judge accepted, that when defendant purchased the property in 1955 he removed all of the old fences, fruit trees or other vestiges of former possession from the property. Under the facts found by the trial judge, if there was such an old fence existing since 1944, it was removed by defendant in 1955 and there was no east-west fence from that time until 1959 or 1960 when Doss Dowden built a new fence with defendant’s permission.
We will now discuss plaintiff’s three assignments of error in the order listed above. Plaintiff first contends the trial judge erred in not recognizing plaintiff as owner of the disputed area under the 30-years’ acquisitive prescription provided by LSA-C.C. Article 794, which provides in pertinent part that “If a party and his ancestors in title possessed for 30 years without interruption, within visible bounds, more land than their title called for, the boundaries shall be fixed along these bounds.” As stated in the Official Comment to Article 794, this article replaced former Article 852 but does not change the law. Plaintiff quotes from Fruge v. Lyons, 373 So.2d 220 (La.App. 3rd Cir. 1979) as follows:
“Where there is a visible boundary which has been in existence for 30 years or more, and the defendant in a boundary action and his predecessors in title have in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea prescription of thirty years should be sustained. It is our view that, for the rule to be applicable, two conditions must concur: First, there must be a visible boundary, artificial or otherwise; Second, there must be actual uninterrupted possession either in person or through ancestors in title, for thirty years or more, of the land extending beyond that described in the title and embraced within the visible bounds.”
*892 The trial judge rejected plaintiff’s claim under Article 794 to that portion of the disputed area beyond the 31.8-foot strip for the reason that plaintiff could not tack successive possessions of his ancestors in title for the necessary period of 30 years. The trial judge points out that in plaintiff’s chain of title the first deed which described the 31.8-foot strip was from Elmer A. Rhodes to D. A. Dowden dated January 22, 1949. In order to tack the possessions of ancestors in title under Article 794, there must be privity of title between the respective possessors, i. e., the titles must describe the property. There is no evidence to show any privity of title between Elmer Rhodes and any previous owners of the property. Thus, the only possessions the plaintiff can tack to his own are those of D. A. Dowden after his January 22, 1949 purchase from Elmer Rhodes and of H. H. Tibbett from the time of his purchase from Dowden on October 17, 1964 to the time of his sale to plaintiff on March 4, 1968. These two possessions added to plaintiff’s possession, which clearly ended at least in 1976 when defendant tore down the fence, total only 27 years.
Moreover, the trial judge held that any corporeal possession by plaintiff and his ancestors in title beyond this 31.8-foot strip to whatever fences existed was not continuous and uninterrupted for 30 years because the evidence shows clearly that the defendant took corporeal possession of the entire disputed property in 1955 when he bought it and cleared it of any remaining vestiges of possession including any old fences, old orchards, etc.
We conclude the trial judge was clearly correct in rejecting plaintiff’s claim under Article 794.
Plaintiff’s second assignment of error is that in the alternative and in the event the court rejects his claim under Article 794 to the entire disputed area, the plaintiff is at least entitled to recognition of his ownership of the 31.8-foot strip under the acquisitive prescription of 10 years provided by LSA-C.C. Article 3478 et seq. The trial judge did not decide this issue because plaintiff did not plead this prescription in the trial court, and, under LSA-C.C. Article 3463, the court cannot supply the plea of prescription. However, plaintiff has filed in this Court of Appeal a special plea of acquisitive prescription of 10 years. This is permissible under the provisions of LSA-C.C. Article 3464 which provide that “Prescription may be pleaded in every stage of a cause, even on the appeal, but it ought to be pleaded expressly and specially before the final judgment.” Therefore, we will consider the plea of acquisitive prescription of 10 years as to the 31.8-foot strip.
Plaintiff argues that he purchased the 31.8-foot strip in good faith from Mr. Tib-bett in 1968 and has possessed since that date. Plaintiff also relies on the testimony of Mr. Tibbett that he purchased the 31.8-foot strip in good faith from D. A. Dowden in 1964 and possessed it until the sale to plaintiff. Plaintiff argues that his possession tacked to that of Mr. Tibbett is sufficient to support 10 years’ acquisitive prescription.
The first answer to this contention is shown in the above quoted portion of the trial judge’s written reasons where he finds as a fact that when the defendant, Wingate Dowden, purchased the property in 1955 he immediately removed all remaining vestiges of prior possessions, including fences, fruit trees, etc., and prepared the entire property, including the 31.8-foot strip, for use as a pasture. Thus, Wingate Dowden went into corporeal possession of the 31.8 foot strip in 1955 in good faith under a deed translative of title. Furthermore, in the above quoted portions of the trial judge’s opinion, it is shown the trial judge found the facts to be that when D. A. Dowden built the cross fence in 1959 or 1960 and started to use the property as a pasture for his milk cow, and later when plaintiff made some use of the property, they both did so with the permission of defendant. Under the facts found by the trial judge, neither Tibbett nor Speight possessed the property because they could not possess it at the same time that Wingate Dowden corporeally was possessing it.
*893 Our conclusion is supported by the following from the trial judge’s written reasons wherein he discusses defendant’s claim to a record title to the entire disputed property, including the 31.8-foot strip, but nevertheless concludes that plaintiff had not shown either a record title or a prescriptive title by 10 years’ prescription to the 31.8-foot strip:
“Plaintiff-in-reconvention has proven a valid and a more ancient record title chain to the disputed parcel, including the 31.8 foot strip in plaintiff’s deed, than the record title chain of defendant-in-recon-vention to the 31.8 foot strip of the parcel included in his deed. (See Exhibit D-8 and D-4; and, P-1; P-14; and, P-17.). Plaintiff (defendant-in-reconvention) has not proven prescriptive title to any portion of the disputed parcel; defendant (plaintiff-in-reconvention) is in possession of the disputed parcel, and, plaintiff-in-reconvention has proven a more ancient record title chain to the disputed parcel than the title chain of defendant-in-re-convention to a 31.8 foot strip of the parcel. Therefore, defendant (plaintiff-in-reconvention) has met his burden of proving better title to the whole of the disputed parcel, under Article 3653(2) of the Louisiana Code of Civil Procedure. (See Tassin vs. Rhynes, 366 So.2d 580, La. 3rd Cir.Ct. of App.1978).
“Consequently, defendant (plaintiff-in-re-convention) has proven both his ownership of the disputed parcel and his right to possess it.”
Plaintiff’s third and final assignment of error is that the trial judge erred in finding that defendant (plaintiff-in-recon-vention) proved ownership of the disputed parcel by 10 years’ acquisitive prescription. Under the facts found by the trial judge, as set forth in the above quoted portions of his written reasons, it is clear that when Win-gate Dowden purchased the disputed property, including the 31.8-foot strip, from the Taylors in 1955, he was in good faith and that he did not learn of the adverse claim to the 31.8-foot strip until 1959 or 1960. It is also clear under the facts found by the district judge that from the time Wingate Dowden purchased this property in good faith in 1955 down to the time of trial of this case in 1980, he has had corporeal possession as owner. Under these facts, the defendant (plaintiff-in-reconvention) proved ownership by the acquisitive prescription of 10 years.
The only serious argument made by plaintiff in opposition to defendant’s ownership under 10 years’ acquisitive prescription is that the deed by which Wingate Dowden acquired the property from the Taylors in 1955 does not adequately describe the property. In particular, plaintiff says the following portion of the deed is vague and indefinite:
“Ten (10) acres off the East side of the Southeast quarter of the Northwest quarter of Section 9, Township 7 North, Range 10 West, less 3 acre off the South side thereof heretofore sold to C. Self, and less two acres off the North side thereof.”
In his written reasons, the trial judge correctly answers this argument as follows:
“The principal issue here is whether the disputed parcel is described or included in defendant’s deed. If it is not, defendant does not have ten (10) year prescriptive title, regardless of his possession of the property. (See Harang vs. Bowie Lumber Co. [145 La. 96, 81 So. 769] and Article 3479, Section 2, Louisiana Civil Code, both cited supra.)
“Parol evidence is admissible on the question of whether disputed property is included within the property description of a claimant’s deed if there is sufficient body in the description to leave the title substantially resting on writing and not essentially on parol. (See J. H. Jenkins Contractors, Inc. vs. Farriel, 246 So.2d 340, La. 1st Cir.Ct. of App., 1971 and [261 La. 374] 259 So.2d 882, La. Sup.Ct., 1972; Lemoine vs. Lacour [213 La. 109] 34 So.2d 392, La. Sup.Ct., 1948; and, Snow vs. McDonald, cited supra.).”
“The law does not require that a deed, to support the prescription of ten (10) years, shall contain such a description that the *894 land can be identified without reference to other records. (See Bruce vs. Cheramie [231 La. 881] 93 So.2d 202, La. Sup.Ct., 1956).
“Mr. E. L. Palmer, a registered land surveyor, testified that the whole of the disputed parcel is included in the property description in defendant’s (plaintiff-in-reconvention’s) deed. His certificate of survey, Exhibit D — 1, so indicates.
“There is sufficient body in the description in defendant’s (plaintiff-in-reconvention’s) deed to leave his title substantially resting on the deed, rather than on the parol evidence of the surveyor, Mr. Palmer. Admittedly, the description in the deed is somewhat defective in that the acreage excepted therefrom is not described with particularity. (See Snow vs. McDonald and Bruce vs. Cheramie, cited supra.). However, the description of the excepted acreage can be obtained from the public records, which is what the surveyor has apparently done. Thus, the deed is not so defective that the property actually conveyed cannot be ascertained with the aid of this permissible extrinsic evidence. (See Bruce vs. Cheramie, cited supra; and, Hanna vs. Green, 329 So.2d 850, La. 2d Cir.Ct. of App., 1976). Furthermore, the excepted acreage has not been shown to include any portion of the disputed parcel.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.